LUKE KILDUFF, administrator, vs. BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    March 5, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.    *Street Railway.    Carrier,* Of passengers.    *Master
and Servant.*

A workman employed by a street railway company as a laborer in the construction
of a new line of track, while being transported with other workmen back from
the place of work after his day's work is finished, in a special car of the com-
pany used only for the workmen on this particular work, over a portion of the
new track not yet opened for public travel, is not a passenger of the company
but is being transported as a laborer in its employment, and the motorman
operating the car is his fellow servant, so that, if while being so transported
the workman is injured owing to the negligence of the motorman, he cannot
recover from his employer for such injury, and it is immaterial whether he was
in the exercise of due care.

TORT for personal injuries sustained by the plaintiff's intes-
tate, Patrick Finneran, on the evening of October 31, 1900,
between six and half after six o'clock.    Writ dated March 14,
1901.

At the trial in the Superior Court before *Bell,* J. it appeared
that Finneran was injured, and later died, as the result of a ·
collision between a car of the defendant on which he was being
transported and a team, near the corner of Boylston Street and
Warren Street in Brookline.    Evidence was introduced tending
to show that Finneran was in the exercise of due care, and that
the motorman in charge of the car was negligent in operating it.
There was no evidence of negligence on the part of the defend-
ant other than that of the motorman.

On the question whether at the time of the accident the
motorman was a fellow servant of Finneran, there was the fol-
lowing evidence:

Finneran was employed by the defendant as a laborer in the
construction of a new line of tracks on Boylston Street from
Cypress Street outward.    The defendant every day provided for
such of the workmen on this particular job as desired to use it a
special car which started from the Lenox Street stables in Rox-

bury in the morning and carried them out to the work on Boylston Street in Brookline. This car wàs on hand at the work in the evening and carried back to Lenox Street such of the men as desired to go there. Only the workmen on this particular job were allowed to use this car. No fare was páid and the men using it had no tickets, passes or uniforms. The pay of the men was the same whether the car was used or not. The defendant was under no contract to convey the laborers to and from the work. The car could be ordered or discontinued ·by the track master as he saw fit, and it was ordered for the mutual accommodation of the company and the laborers. Finneran had been taken to and from his work on this car every day that he had been working for the company.

Finneran's work ended at six o'clock, and after that he was free to go where he pleased, and he was under no obligation to do any more work for the defendant after that hour. His day's work was finished and he was being carried home on this car when he met with the accident. On Boylston Street, between the place where the work was going on and Cypress Street, the tracks had not been opened for public travel, although they were completed so that cars could run over them, and this particular car was the only one that had used this stretch of track. From Cypress Street to the Lenox Street stables the car ran over tracks of the company that were in ordinary use. The accident happened at a point between the work and Cypress Street, at a place where the tracks had not been opened for public travel.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*S. A. Fuller & L. H. Wardwell*, for the plaintiff.

*H. Bancroft*, for the defendant.

MORTON, J.   Although at the time of the accident the plaintiff's intestate had finished his work for the day, and was under no obligation to do any more work for the defendant on that day, it seems to us plain that he was being transported by the defendant as an incident of his employment and that the relation between him and the defendant was therefore that of master and servant and not that of carrier and passenger. The car was a special car in which only the laborers who were working on that particular job were allowed to ride, and was furnished

for the mutual accommodation of the company and the laborers, and the plaintiff's intestate paid no fare. The portion of the track where the accident occurred was not open to the public, and transportation over that and the rest of the route was plainly furnished by the defendant to the deceased as a laborer in its employment and not as a passenger. It cannot reasonably be referred to any other relation. *Gillshannon* v. *Stony Brook Railroad,* 10 Cush. 228. *Seaver* v. *Boston & Maine Railroad,* 14 Gray, 466. *Gilman* v. *Eastern Railroad,* 10 Allen, 233. *O'Brien* v. *Boston & Albany Railroad,* 138 Mass. 387. *McGuirk* v. *Shattuck,* 160 Mass. 45. *Olsen* v. *Andrews,* 168 Mass. 261. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 102. It follows that the negligence complained of was that of a fellow servant and that the plaintiff is not entitled to recover. The case of *Dickinson* v. *West End Street Railway,* 177 Mass. 365, relied on by the defendant, is clearly distinguishable from the case at bar and more like *Doyle* v. *Fitchburg Railroad,* 162 Mass. 66.

The conclusion to which we have come on this branch of the case renders it unnecessary to consider the question of the intestate's due care, or the motorman's negligence.

*Exceptions overruled.*