ANTONIO LISTORTI, as Administrator of the Estate of JOSEPH LISTORTI, Deceased, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

(Argued June 11, 1929; decided July 11, 1929.)

*Herbert T. Reed* and *J. Leo Hilbert* for appellant. The deceased met his death while he was employed by the defendant in interstate commerce. (*Lindstrom* v. *N. Y.*

*C. R. R. Co.,* 186 App. Div. 429; 239 N. Y. 551; *San Pedro L. A. & S. L. Ry. Co.* v. *Davide,* 210 Fed. Rep. 870; *Lamphere* v. *Oregon R. Nav. Co.,* 196 Fed. Rep. 336; *Erie R. R. Co.* v. *Winfield,* 244 U. S. 170; *Boldt* v. *New York Central R. R. Co.,* 18 N. Y. 432; *Knowles* v. *N. Y., N. H. & H. R. R. Co.,* 233 N. Y. 513; *Stewart & Sons* v. *Longhurst,* [1917] A. C. 249; *Pallacco* v. *Lehigh Valley R. Co.,* 198 App. Div. 683; *Cremins* v. *Guest, Keen & Nettlefolds,* [1908] 1 K. B. 469; *Corvi* v. *Stiles & Reynolds Brick Co.,* 130 Atl. Rep. 674.)

*Noel S. Symons* for respondent. The accident to deceased did not arise out of or in the course of his employment. (*Symonski* v. *C. R. Co. of N. J.,* 131 Atl. Rep. 628; *Tallon* v. *Interborough Rapid Transit Co.,* 232 N. Y. 410; *Krysiak* v. *Penn. R. Co.,* 270 Fed. Rep. 758; *Matter of McInerney* v. *B. & S. R. R. Co.,* 225 N. Y. 130; *Aldredge* v. *Baltimore & Ohio Ry. Co.,* 20 Fed. Rep. [2d] 655; *Ames* v. *N. Y. C. R. R. Co.,* 178 App. Div. 324; *McIntyre* v. *Long Island R. R. Co.,* 150 App. Div. 783; *Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489; *Matter of Clark* v. *Voorhees,* 231 N. Y. 14.)

CARDOZO, Ch. J. The action is under the Federal Employers' Liability Act, to recover damages for injuries resulting in death.

Joseph Listorti was employed by the defendant, an interstate carrier, in the repair of its roadbed at Knowlesville, New York. His home was at Holley, about fifteen miles away. In order to reach his work on time, he was given a pass on the defendant's line, and was instructed by the foreman to catch a stated train. He was not forbidden in so many words to make use of the trolley between the same points, but, apart from the delay, the extra cost was prohibitive to one working for his slender wage.

On March 4, 1925, Listorti left his home at Holley to

go to the defendant's station for the labor of the day. He could have gone there by the public road. Instead, he took a short cut by the defendant's right of way. He climbed the embankment and walked along the tracks. While thus engaged, he was killed in the darkness of the early morning by a freight train which ran against the current of the traffic and struck him from behind. His body, flung or pushed by the impact of the engine, was picked up about thirty feet from the waiting room. It was then opposite a point where he could have boarded a passenger train if one had been at hand. The train that he was to take was not due for several minutes. In brief, at the moment of the impact, he was near the station, but not at it. The admissions of the complaint and the testimony of the witnesses are at one in informing us that he was still walking on the tracks.

We assume in plaintiff's favor that Listorti might be found to have entered upon his employment for the day, which was one in interstate commerce, if he had reached the defendant's station and was there waiting for a train. He traveled in the defendant's cars as a servant, not a passenger. The pass was given him as a facility for the performance of his work (*Vick* v. *N. Y. C. & H. R. R. Co.*, 95 N. Y. 267, 271; *Donovan's Case*, 217 Mass. 76; *Kilduff* v. *Boston El. Ry. Co.*, 195 Mass. 307; 4 Labatt, Master & Servant, p. 4670 *et seq.*, and cases there cited). It was not a mere gratuity or courtesy to be used at any time or place, whether the travel was for work or pleasure (*Dickinson* v. *W. E. Street Ry. Co.*, 177 Mass. 365, 368; *Tallon* v. *I. R. T. Co.*, 232 N. Y. 410; *Matter of Kowalek* v. *N. Y. Consol. R. R. Co.*, 229 N. Y. 489, 493). The holder was a laborer employed from day to day. For one in his position, the use of the pass was by fair implication a term of the employment, a privilege to continue while he continued at the job (*Vick* v. *N. Y. C. & H. R. R. R. Co., supra; Matter of Kowalek* v. *N. Y. Consol. R. R. Co., supra; Gillshannon* v. *S. B. R. Co.*, 10 Cush. 228.

Labatt, *supra*). There would have been injury in the course of the employment if an accident had occurred in the course of travel on the train. The relation while on the train becomes by reasonable extension the one also at the station (*Bountiful Brick Co.* v. *Giles*, 276 U. S. 154).

The difficulty is that Listorti had not reached the station, but was still walking along the tracks, a trespasser on the right of way (*Aldredge* v. *B. & O. R. R. Co.*, 20 Fed. Rep. [2d] 655; cert. denied, 275 U. S. 550; *Krysiak* v. *Penn. R. R. Co.*, 270 Fed. Rep. 758; *Symonski* v. *C. R. R. of N. J.*, 102 N. J. Law, 271). He was at a point where his presence had been neither invited nor permitted. No doubt it is true that he was approaching his destination and would be there very soon. Even so, there must always be a line of division at some point between preparation and entry, between arrival and approach. The emphasis is a false one that ignores the action of the moment, and measures the space only, the intervening yards and rods. Listorti, if near his goal, was still in a substantial sense away from it. He had not reached a place of rest. He was walking along the tracks, exposed like any walker at such a place to peril from behind. The peril overwhelmed him before the goal was reached.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgment affirmed.