JOHN VAN GEE, as Administrator of the Estate of JAMES
E. VAN GEE, Deceased, Respondent, *v.* ANDREW W.
KORTS, Appellant, Impleaded with Another.

(Argued October 23, 1929; decided November 19, 1929.)

*Robert C. Winchell* for appellant.   As a matter of law,
the injuries and death of James E. Van Gee arose out of

and in the course of his employment. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *DeVoe* v. *New York State Rys.*, 218 N. Y. 318; *Tallon* v. *Interborough R. T. Co.*, 232 N. Y. 410; *Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489.)

*George F. Hixson* and *Francis J. D'Amanda* for respondent. An accident to be compensable within the purview of the Workmen's Compensation Law must " arise out of and in the course of employment." (Workmen's Compensation Law, § 10; *Heits* v. *Ruppert*, 218 N. Y. 148; *McCarter* v. *LaRock*, 240 N. Y. 282.) Whether or not the deceased at the time of the accident was in the course of his employment and whether or not the accident arose out of the said employment is a question of law, and was correctly decided by the court. (*Pierdiluca* v. *Benedetto*, 210 App. Div. 441; *Stimal* v. *Jewett & Co.*, 205 App. Div. 170; *Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489; *Schultz* v. *Beaver Products Co.*, 223 App. Div. 582.)

HUBBS, J. The defendant Andrew W. Korts was the owner of the Korts Dairy in the city of Rochester, engaged in distributing milk throughout the city on trucks. James E. Van Gee, the plaintiff's intestate, was in his employ as a truck driver. There were various other truck drivers employed. The deceased was paid thirty dollars a week. His duty required him to be at the plant sometime between twelve and one o'clock each morning, in order that he might load his truck and start on his route at two o'clock.

At two o'clock on the morning of November 21, 1926, Van Gee had not reported at the plant for duty. Raymond Korts, a son of the defendant, was in the employment of his father at the plant and it was his duty to see that the plant was operated properly. At about two o'clock he took the defendant's automobile which was

at the plant, and drove to the home of Van Gee, knocked on the door and awoke Van Gee, who had overslept. He dressed and got into the automobile with Korts, and they started toward the plant, Korts driving. An accident happened and both were killed.

The jury has found that the accident happened as a result of the negligence of Korts, and that at the time he was in the employ of his father, the defendant, engaged in his business, and that he took the automobile with his father's consent. It was the custom in the dairy business at Rochester, when drivers were late and did not have a telephone in the house, to send a caller after them. That was the custom at the Korts plant. If a driver overslept and did not report at loading time, someone went after him.

The defendant Korts, by answer, motion and appropriate requests, raised the question that the plaintiff was not entitled to recover in this action because the accident arose out of and was in the course of the servant's employment, within the meaning of section 10 of the Workmen's Compensation Law (Cons. Laws, ch. 67, as amd.). The question presented for our determination is whether the deceased employee was, at the time of the accident, in the employment of said defendant, and whether the accident arose in the course of the employment.

There can be no serious question that the deceased was in the employment of the said defendant at the time of the accident. He worked by the week. His day's work commenced between twelve and one o'clock in the morning. It was past that time and at the time of the accident he was on his way to his place of work under the direction of and in a conveyance provided by the master and driven by the master's son, his superior, who was acting within the scope of his employment.

We believe, also, that the deceased employee, at the time of the accident, was within the course of his employ-

ment, or within the zone of his employment, and that the trip in the automobile from his home was a benefit to the master incident to the contract for his services.

The line of demarcation between cases where it may be decided that at a particular time a servant on his way to work was within the scope of his employment and cases where it may be decided that he was not is often close and difficult to determine. The principles under which the determination must be made have been stated in various ways, but, when read together, the cases, with fair accuracy, establish a practical working rule. In an English case under the Workmen's Compensation Act, SANKEY, L. J., stated the rule as it exists in that country in order to bring the servant within the Compensation Act as follows: " Where the workman has not arrived at his employer's premises, or has left them, he must show that he was under an obligation to his employer to be where he was at the time of the accident." (*Anderson* v. *Hickman & Co., Ltd.*, 21 B. W. C. C. 369 [Oct. 1928]; *Donovan's Case*, 217 Mass. 76.)

When an employee, riding on his own time, chooses his own way of reaching his master's place of business, and there is no obligation on the master to carry him, the trip is not an incident of the employment, even though the master gratuitously permits him to ride in a conveyance owned by him.

" The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee." (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Tallon* v. *Interborough Rapid Transit Co.*, 232 N. Y. 410.)

Those cases establish the rule in this jurisdiction that a servant is not entitled to compensation under the

Workmen's Compensation Act if injured in a conveyance while on his way to work, unless the contract of hiring expressly or impliedly provides for transportation.

We believe it is equally clear that if the servant is required to be in the particular conveyance at the time as an incident of the employment in furtherance of his master's business, and is injured, he comes within the act and is entitled to compensation.

Compensation is awarded for injuries to an employee which occur in a conveyance furnished by the employer while carrying him to his work, provided the employer is bound by contract, express or implied, to furnish transportation. The work commences when the employee enters the conveyance, and the journey is an incident to the employment. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Listorti* v. *N. Y. C. R. R. Co.*, 251 N. Y. 327.)

In *McGuirk* v. *Shattuck* (160 Mass. 45) the plaintiff was a laundress employed by the defendant by the week. She was injured while riding in the defendant's wagon from her home to her place of work. The court said: " Whether the transportation of the plaintiff was entirely gratuitous, as it seems to have been, or whether it was in pursuance of such an understanding between the parties that it may be deemed to have been a part of the contract, in either case it was incident to the service which the plaintiff was to perform, and closely connected with it." That case has been cited with approval in *Kilduff* v. *Boston Elevated Ry. Co.* (195 Mass. 307); *Donovan's Case* (*supra*) and *Rourke's Case* (237 Mass. 360).

Where an employee was told by the employer to ride to his place of work on a truck owned and operated by an independent contractor and was injured while so riding the court said: " When an employee mounted the truck at the employer's direction to go to the job, in accord with the employer's contemplation of what his conduct would be in going to the place of the job, he came within the zone of his employment as contemplated

by his employer." (*Saba* v. *Pioneer Contracting Co.*, 103 Conn. 559.)

To say that the deceased was not " under an obligation to his employer to be where he was at the time of the accident " is to ignore the undisputed facts in the case and all legitimate inferences to be drawn therefrom. It cannot be fairly said that in dressing and getting into the defendant's automobile, at the direction of the master's representative, and in riding with him toward the plant, the servant was following his own volition and that the act of the master in calling him and directing him to dress at once and ride with him to the plant in the automobile was a gratuitous act on the part of the master and was not an act incident to the master's business. One of the fundamental obligations of a servant is to obey all reasonable orders and directions of the master. It was only because Raymond Korts was the *alter ego* of the master, with authority to order and direct, that he called the deceased at two o'clock in the morning and required him to ride with him to the defendant's plant. In obeying, the deceased was acting under express orders of the defendant during working hours. He was performing a duty owed to the master and furthering the master's business. The deceased would not have been in the automobile driven by the master's representative except for his contract of service which imposed upon him the duty of obeying his master's orders. He was under no obligation to dress and ride with the master's representative to the plant unless it was under his contract for service and to further his master's interests.

There was a causal connection between the employment and the accident. The accident was a rational consequence of a hazard connected with the employment. The hour of employment had arrived; the truck to be driven by the deceased had not been loaded; the master desired that it should be loaded and started on the route; and in furtherance of that purpose, he undertook to hasten

the arrival of the servant at the plant. The servant obeyed instructions when he entered the automobile and thereby placed himself under the master's control for the purpose of furthering the master's interests. Since he was acting within the course of his employment and came within the Workmen's Compensation Act, this action cannot be maintained..

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.