MARY CONKLIN, Appellant, v. WILLIAM W. CONKLIN, WALTER A. CONKLIN and MARY J. CONKLIN, Respondents.— Action to set aside an assignment of a lease upon the ground that the leasehold involved was owned by defendant husband, but held in trust by him for plaintiff and himself, and that said assignment was made in violation of that trust. Judgment dismissing the complaint unanimously affirmed, without costs. As to the articles of personal property, concerning which the official referee made no determination, the parties may arrange for a division thereof according to their respective rights on a settlement of the order hereon, which may be had on three days' notice. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

KATHRYN B. DOWLING, Respondent, v. JAMES M. KELLY, Appellant.— In an action for an accounting of moneys alleged to have been intrusted by the plaintiff to the defendant for investment, the defendant pleads payment. Order denying defendant's motion to vacate or modify the notice of examination before trial, and order denying defendant's motion to vacate plaintiff's demand for a bill of particulars of the defense of payment, affirmed, with ten dollars costs and disbursements. The examination is to proceed on five days' notice, and the bill of particulars is to be served within ten days from the entry of the order hereon. In our opinion the record discloses special circumstances which justify a departure from the general rule not to direct a bill of particulars of the defense of payment. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

MAY DUNSEATH, as Administratrix, etc., of DAVID A. DUNSEATH, Deceased, Respondent, v. STARRETT BROTHERS & EKEN, INCORPORATED, Appellant.— Action to recover damages for the death of plaintiff's intestate who was killed while riding as a passenger in an automobile on his way to work for the defendant in the State of Florida. Judgment entered on the verdict of a jury in favor of the plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The evidence establishes that the employer was bound by contract to furnish transportation. The decedent and Dennis, the owner and operator of the automobile, were fellow servants; hence the case is one for compensation, and the employer is not liable in negligence. (*Van Gee* v. *Korts*, 252 N. Y. 241, 244, 245.) Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., concurs in result, being of opinion that Dennis was an independent contractor.