KATHERINE PARISI et al., Appellants-Respondents, *v.* RODELL LANGSTON et al., Respondents, and ALBERT MICCO et al., Respondents-Appellants.

JOSEPH SOMMESE et al., Respondents, *v.* ALBERT MICCO et al., Appellants.

RODELL LANGSTON, Respondent, *v.* ALBERT MICCO et al., Appellants.

NATHANIEL LANGSTON, Respondent, *v.* ALBERT MICCO et al., Appellants.

Third Department, March 9, 1955.

*Jacob M. Frankel* for appellants-respondents.

*Charles G. Fryer* for respondents-appellants and appellants.

*Amedeo H. Volpe* for Joseph Sommese and another, respondents.

*Richard H. Levy* for Nathaniel Langston and another, plaintiffs-respondents.

*Harold E. Blodgett* for Rodell Langston and another, defendants-respondents.

BERGAN, J. The judgments appealed from arise from a street intersection collision between two trucks at Main Avenue and Willett Street in Schenectady. The truck owned by appellant Micco was proceeding northerly on Willett Street and the truck owned by respondent Rodell Langston was proceeding westerly on Main Avenue.

The occurrence presents a question of fact in the classic sense. The theory of the respondents who have recovered against Micco and against Ferro, who was the driver of the Micco truck, is that Ferro entered the intersection without

stopping in obedience to a " Stop " sign and collided midway in the intersection with the Langston truck which had the right of way in approaching the intersection.

The theory of Micco and Ferro is that their vehicle stopped at the " Stop " sign; entered the intersection so far ahead of the approach of the Langston truck as to make inapplicable the right of way rule; and was struck by the Langston truck when well across the intersection.

We see nothing in all this to lead us to disturb, on weight of evidence, the finding of the jury that there was negligence and that the negligence was Ferro's, for which Micco is responsible.

Plaintiffs Katherine Parisi and Nellie Sommese were passengers in the Micco truck and have recovered against Micco and Ferro. Their respective husbands have recovered in derivative causes of action. Micco owns a restaurant at which Mrs. Parisi and Mrs. Sommese were employed at the time of the accident. Ferro was also employed there.

Appellants Micco and Ferro argue that these causes of action are barred by the Workmen's Compensation Law. The women, who were waitresses, were due at work at 5:00 P.M. At about 3:30 P.M. they called the restaurant and talked with Ferro to see if someone there could " bring them downtown ". Ferro said " there wasn't anyone there " and that " I would go up and pick them up myself, personally ".

This was an hour and a half before they were due at work. There is proof that the truck stopped to drop off some packages for one of the women; there is no proof that the truck was used with the consent, or even the knowledge, of the employer to drive these employees to work; that there was any custom of using it for transportation of employees or that transportation was furnished to the employees.

Upon this record the Trial Term seems justified in ruling as a matter of law that the injuries of the employees were not incurred in the course of employment.

The judgments should be affirmed, with costs.

Foster, P. J., Coon, Imrie and Zeller, JJ., concur.

Judgments affirmed, with costs.