■ AARON CHERNEY, Respondent, v. BLAIR CHEVROLET, INC., Appellant.— In a negligence action by an automobile salesman in the employ of the defendant corporation, to recover damages for personal injury sustained while being transported from his home to the defendant's place of business in an automobile owned by it and operated by a fellow-employee of the plaintiff, in which action the defendant pleaded as a separate defense that plaintiff's remedy was exclusively under the Workmen's Compensation Law (§ 29, subd. 6) since his injury arose out of and in the the course of his employment, the defendant appeals from an order of the Supreme Court, Nassau County, dated September 18, 1962, which denied its motion for summary judgment under rule 113 of the Rules of Civil Practice, based on the facts stated in its separate defense. Order affirmed, with $10 costs and disbursements. In our opinion, on this record an issue of fact is presented as to whether the plaintiff was engaged in the course of his employment at the time the accident occurred. Such issue should be resolved after trial. Beldock, P. J., Brennan and Rabin, JJ., concur; Ughetta and Hill, JJ., dissent and vote to reverse the order and to grant defendant's motion for summary judgment with the following memorandum: It is not denied that plaintiff, an automobile salesman, was customarily supplied by his employer (the defendant) with an automobile to transport him to and from his home and the employer's place of business; and that whenever the specific automobile supplied was unavailable, another would either be supplied or plaintiff would be furnished with transportation by another employee. In our opinion, under the circumstances here, the employment agreement between plaintiff and the defendant precluded recourse to any remedy against defendant, the employer, other than the remedy prescribed by the Workmen's Compensation Law (Van Gee v. Korts, 252 N. Y. 241, 245; cf. Matter of Westlake, 16 A D 2d 726, motion for leave to appeal denied 11 N Y 2d 647). The accident occurred while plaintiff was on his way to work in a car owned by his employer and operated by a fellow-employee at a time when the car originally assigned to plaintiff was unavailable. The fact that the operator offered to transport plaintiff is of no significance. Such offer was merely a matter of formal courtesy in extending to plaintiff the customary transportation furnished by the employer.