■    In the Matter of the Claim of JEAN BROTHERS, Respondent, v. MANHATTANVILLE FOOD SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board finding that the accident arose out of and in the course of employment. Claimant worked part-time as a waitress and counter girl in a luncheonette owned by Manhattanville Food Shop, Inc. Her sister and brother in law, herein called the employers, were the sole stockholders of said corporation and operated the luncheonette. Claimant and the employers lived in Brooklyn and the luncheonette was situated on Amsterdam Avenue in upper Manhattan. The evidence supports a finding that as a condition of taking the job claimant required that transportation be provided. The established arrangement had claimant taking a bus from her Brooklyn home to a point, still in Brooklyn, near her sister's home. She would then be driven to the luncheonette by her sister. Claimant worked until approximately 3:00 P.M., and was driven back to Brooklyn by her brother in law who had opened the luncheonette early in the morning and was through work for the day. She was left near his home and would then be met by her husband, or on occasion other relatives, and driven to her home. On June 28, 1962, while being driven home after work by her brother in law, his car was involved in an accident in which claimant was severely injured. A majority of the Workmen's Compensation Board panel found "that the accident on June 28, 1962 arose out of and in the course of employment, since transportation to and from work was a consideration of the employment contract." Appellants argue that this determination is not supported by substantial evidence. We do not agree. It is settled law that the employment continues and an employee is entitled to compensation when injured during transportation to or from work where by express or implied contract the employer agrees to furnish transportation (see *Van Gee* v. *Korts,* 252 N. Y. 241; *Matter of Coressmann* v. *Moran & Sons,* 4 A D 2d 712). Claimant testified that when she agreed to take the job it was conditioned on her receiving transportation. Claimant was married and was experienced in this type of work. The employers were anxious to obtain her services and her brother in law testified that it was hard to hold decent help in their location. Claimant further stated that her husband would not let her take the job unless transportation was provided. Upon these facts and the circumstances of this case we find there was substantial evidence to support the board's decision. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.