■ In the Matter of the Claim of DOROTHY HAMPTON, Respondent, v. LEO KELLY, Doing Business as ROBERT DAY WINE & SPIRITS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits on the ground that decedent's accidental injury and death did not arise out of and in the course of his employment. On Monday, December 11, 1967 decedent, a full-time post office employee and a part-time worker in the employer's liquor store, was presumably struck by an automobile and fatally injured as he crossed the street from a parking lot where he had left his car to report to his employment at the liquor store. The board in affirming the Referee's award of death benefits found that " as the decedent used his own automobile to make deliveries for the employer, the use of his automobile to drive to and from work was for the benefit of the employer and furthered the employer's business ", and that since the employee was on his way to work when the accident occurred, his death arose out of and in the course of employment. This determination is not supported by substantial evidence on the instant record. The respondent's argument that the employer in his report of injury admitted that the accident arose out of and in the course of employment by stating that decedent's occupation when injured was clerk has no substance whatever. This statement indicates no more than that decedent at the time of injury held the position of a clerk and by no rational construction that he was engaged in employment duties at that time. Similarly there is no basis on the instant record for classifying the decedent as an outside employee and the board did not so find. Rather it is clear that at the time of the accident the decedent was an inside employee on his way to work and thus the award is only sustainable here if by the nature of his employment duties decedent was required to have his motor vehicle available at the employment situs (*Matter of Shafran* v. *Board of Educ., Cent. School Dist. No. 1*, 25 A D 2d 336, mot. for lv. to app. den. 18 N Y 2d 579). It is abundantly clear from the record that decedent used his car to drive to work for personal reasons and that he was not specifically instructed or required by his employer to bring his car to work. Nor is there any proof that he was even expected to have a car available at work. The testimony unquestionably shows that decedent obtained and used the car so his wife would not have to come out late, he could work overtime at the post

office and still get to the liquor store and he would not have to take a taxi or a couple of buses. The employer testified that the decedent was not required to bring his car to work and that it was not a policy of the store to make deliveries because the neighborhood was a problem area. He further testified that the advertisement in the yellow pages as to free deliveries was placed by a former partner under a former store name without his knowledge, and that the store does not advertise delivery. There was no sign in the store advertising free delivery. Moreover, the record shows that at one time in the past the employer considered purchasing a car for the purpose of making deliveries. However, it was decided not to purchase the car because the area was not safe, and thus the store policy was against making deliveries. Similar testimony by a coemployee is also present. Concededly the employer also testified that deliveries were made on occasion if a good customer requested such and, that if a delivery were made the employee making the delivery would use his own car, but this indicates only that the employer received an occasional benefit from decedent's use of his car and is not sufficient to make his travel to work a risk of employment (cf. *Matter of Shafran* v. *Board of Educ., Cent. School Dist. No. 1, supra*). Of course, if decedent had been returning from a delivery or had made a delivery to a customer on his way to work (e.g., *Matter of Sullivan* v. *L'Heureux*, 18 A D 2d 1116, mot. for lv. to app. den. 13 N Y 2d 595), the result might be different but such is not the case here. Accordingly, the decision must be reversed and the claim dismissed. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.