■ In the Matter of the Claim of CLAUDINE BORDERS, Respondent, v. E. H. SCULL Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal by the employer and its carrier from a decision

of the Workmen's Compensation Board, filed January 3, 1969. The sole question presented on this appeal is whether the accident arose out of and in the course of employment. On Friday, February 24, 1967, at about 8:00 P.M., decedent was on his way home from his office in New York City to Paramus, New Jersey, when he was struck by an automobile while crossing the highway. Just prior thereto he had alighted from a bus and was in the process of finding a taxicab to complete his journey home. He suffered a fractured tibia and fibula and 10 months later died of a pulmonary embolism. He was a senior accountant and managing consultant and usually arrived at his office at 9:00 A.M. and tried to leave by 5:30 P.M. While he usually worked in the office, he did perform duties throughout the United States and Canada. For several weeks prior to the accident he had been working to meet a deadline for a corporate merger. He worked on the project the day of the accident until 6:00 P.M. and decided to take it home and work on it that evening and over the weekend. He took the necessary papers with him in a briefcase. While the general rule is that risks of travel to and from work are not risks of employment, there are exceptions. (*Matter of De Voe* v. *New York State Rys.*, 218 N. Y. 318; *Matter of Mahar* v. *Hills Baking Co.*, 22 A D 2d 983.) An exception may exist where the employee performs work both in the office and at home. To come within such an exemption, however, it must appear that the work was a special assignment for employer's benefit or there existed a pattern of taking work home with employer's knowledge. (*Matter of Tiernan* v. *Potter*, 281 App. Div. 787.) The uncontroverted testimony is that the project on which decedent was working was a substantial one and a deadline did exist. The employer corroborated testimony of the decedent that there were no set hours of work and that it was the accepted practice to take work home to complete it. The employer further testified that this circumstance existed on the evening decedent was injured. Taking the record in its entirety, we must conclude that there is ample evidence for the board's decision that decedent's injury arose out of and in the course of his employment. (*Matter of Hille* v. *Gerald Records*, 23 N Y 2d 135.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.