Phil V. CAPOZZI, as Administrator of the Goods, Chattels and Credits which were of Michael Capozzi, Deceased, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

No. 69 Civ. 1421.

United States District Court,
E. D. New York.

May 11, 1971.

Herman & Herman, New York City, for plaintiff.

D'Amato, Costello & Shea, New York City, for defendants Economy Volkswagen, Inc. and Michael Rendon.

Edward R. Neaher, U. S. Atty., E.D. N.Y., Brooklyn, N.Y., for the United States; Steve C. Arniotes, Asst. U. S. Atty., of counsel.

Held, Telchin & Held, New York City, for defendant Louis Robinson.

## MEMORANDUM

WEINSTEIN, District Judge.

### I

This is an action sounding in negligence. Plaintiff, as administrator of the estate of Michael Capozzi, seeks compensatory damage for conscious pain and suffering and wrongful death. Defendants, Economy Volkswagen (Economy) and Michael Rendon (Rendon), deny all the material allegations of the complaint and plead affirmatively that the plaintiff's exclusive remedy is under the Workmen's Compensation Law of the State of New York because decedent, at the time of his death, was in the course of his employment for Economy.

With the consent of the parties, the compensation defense was tried by the Court as a separate issue. For the reasons indicated below, it must be dismissed.

### II

Rendon was employed as the Parts Manager of Economy. As Parts Manager he was given a Volkswagen to use as he saw fit. Occasionally the car was used to pick up parts from other dealers; but this was a subsidiary function. It served primarily as a perquisite of office for department heads. Economy expected that cars so furnished would be used for the employees' pleasure and private convenience. It paid for gas, oil, repairs and insurance as part of its program to make the job attractive in lieu of higher salaries.

The decedent was employed as a parts man by Economy for about 2½ years prior to the accident. Rendon was the decedent's immediate superior.

On the morning of his demise, the decedent left his home located at 108–28 West End Avenue, Queens, New York as he had done for approximately two years, and drove his automobile to rendon's home, 33–34 76th Street, Jackson Heights, New York. The Court takes judicial notice that these premises are in the same section of Queens. Revised Proposed Rules of Evidence, Rule 201 (1971). After parking his vehicle, the decedent entered Rendon's Volkswagen and began the journey to Economy's plant in Brooklyn. The trip was scheduled to take about an hour over congested roads and parkways.

This was the way decedent and Rendon usually traveled to work. At other times decedent drove in his own car directly from his home to work; and, occasionally, decedent used his own car to drive Rendon to work.

Economy received no tangible and direct benefit from this transportation customarily furnished the decedent by Rendon. The two were congenial co-employees who found mutual benefit and pleasure in riding to and from work together.

Use of the car owned by Economy was in no way different from the use of any fellow employee's vehicle in a car pool. Coming from the same area in Queens and obliged to travel the same crowded roads at the peak of the rush hour in the morning and evening, it would have made no sense for them to take separate automobiles. The Court judicially notices the strong urge for companionship that must arise in the hearts of those

lonely commuters stranded in their inert cubicles of steel in the sea of traffic that engulfs our roads in diurnal ebb and flow. Since Economy was paying for gas and repairs for Rendon's vehicle, it would have constituted unreasonable prodigality to have utilized the deceased's car on any regular basis.

There was a suggestion that from time-to-time—quite infrequently the Court finds—on the way home (but never on the way to work) the Rendon car was used to pick up a spare part at a fellow dealer's in Queens. There was not the slightest proof that the decedent was needed for such chance tasks. His presence served only to afford companionship after office hours; no compensation was paid for these errands.

Economy never agreed to furnish the decedent with transportation. It expressed no concern over how he came to and from work as long as he arrived on time. He was paid only from the time of arrival at Economy's premises to the time of departure.

### III

The affirmative defense stems from New York Workman's Compensation Law, McKinney's Consol.Laws, c. 67, Section 2(7) requiring that the "injury" arise "out of and in the course of employment" and New York Workman's Compensation Law Section 29(6) providing that if there is a right "to compensation" that is "the exclusive remedy * * * in case of death." Defendants maintain that they are entitled to the benefit of the presumption created by New York Workman's Compensation Law Section 21 that "in the absence of substantial evidence to the contrary," the claim arises under the Compensation Law.

■■ It is "the common-sense viewpoint of the average man" that deter-

mines whether the accident arose out of and in the course of employment. Masse v. James H. Robinson Co., Inc., 301 N.Y. 34, 92 N.E.2d 56, 57 (1950). Looked at from this reasonable vantage point, it cannot be said that the accident arose in the course of decedent's employment. Decedent was not engaged in Economy's business while he was traveling to and from work. Cf. e. g., Miano v. Schneider, 4 N.Y.2d 732, 171 N.Y.S.2d 857, 148 N.E.2d 907 (1958); Matter of DeVoe v. N.Y. State Railways, 218 N.Y. 318, 113 N.E. 256 (1916); Schultz v. Beaver Products Co., Inc., 233 App.Div. 582, 229 N.Y.S. 134 (3d Dep't 1928), aff'd, 250 N.Y. 565, 166 N.E. 326 (1929); Parisi v. Langston, 285 App. Div. 483, 138 N.Y.S.2d 178 (3d Dep't 1955). See also Borders v. E. H. Scull Co., 33 A.D.2d 870, 306 N.Y.S.2d 78 (3d Dep't 1969) (dictum); Hampton v. Kelly, 33 A.D.2d 856, 305 N.Y.S.2d 895 (3d Dep't 1969); Trent v. Collin S. Tuttle & Co., 20 A.D.2d 948, 249 N.Y.S.2d 140 (3d Dep't 1964). There was no agreement by the employer, express or implied, to furnish transportation and in the absence of such an agreement compensation for injuries received in passage has been denied. Van Gee v. Korts, 252 N.Y. 241, 169 N.E. 370 (1929); Arnold v. Wright, 80 N.Y.S.2d 808, 812 (Sup.Ct.1948); Brothers v. Manhattanville Food Shop, Inc., 23 A.D. 2d 605, 256 N.Y.S.2d 487 (3d Dep't 1965).

There is substantial evidence that the accident did not arise out of and in the course of employment. Thus the presumption in Section 21 of the Workman's Compensation Law does not apply.

### IV

The affirmative defense of Economy and Rendon based on New York's Workman's Compensation Law is dismissed.