JESÚS COTTO VALDÉS, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada; ANTERO CLAUDIO DELGADO y FONDO DEL SEGURO DEL ESTADO, recurridos.

*Número:* O-76-398    *Resuelto:* 1 de diciembre de 1976

---

*Julio de Jesús García,* abogado del recurrente; *Leoncio Carrasquillo Suárez* y *Luz Celeste Carrasquillo,* abogados del recurrido Antero Claudio Delgado; *José F. Reyes del Valle, Guillermo Figueroa Prieto* y *Francisco Falú Lebrón,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El recurrente Cotto Valdés es un modesto contratista de construcción que habiendo terminado la reforma y ampliación de una casa vivienda en la urbanización Villa Turabo, Caguas, para la que obtuvo póliza de seguro obrero, inició otra obra en el barrio Mogote de Cayey sin asegurar los obreros en ésta. El 27 de marzo de 1972 el obrero recurrido trabajó para dicho contratista amarrando varillas en la obra comenzada en Cayey. Terminada la jornada, obrero y patrono salen de regreso de Cayey hacia Caguas en un *jeep* propiedad del patrono y conducido por éste y a las 3:30 P.M., en jurisdicción de Cidra, ocurre un accidente de tránsito en el que ambos resultaron lesionados, sin que haya indicio en el expediente de la naturaleza de las lesiones. Sí aparece que el obrero agotó los beneficios de la Ley de Protección Social por Accidentes de Automóviles (ACAA), 9 L.P.R.A. secs. 2051 a 2065, y posteriormente instó reclamación en el Fondo del

Seguro del Estado que declaró a Cotto Valdés patrono no-asegurado por no haber formalizado póliza cubriendo el riesgo del accidente de tránsito. Asumió jurisdicción la Comisión Industrial que luego de vistas médicas fijó al obrero incapacidad de un 5% de las funciones fisiológicas generales, confirmó la decisión del Fondo en cuanto al status de no-asegurado y ordenó la liquidación del caso como uno de accidente del trabajo que habría de cobrarse al patrono. Al recurrir éste expedimos orden para mostrar causa por la que no deba revocarse la resolución de la Comisión "Considerando que el accidente de tránsito por cuyas consecuencias reclama compensación el obrero contra su patrono no-asegurado ocurrió cuando éste ya había terminado las labores del día y regresaba a su casa, hallándose fuera del curso del empleo." Han sometido escritos tanto el obrero recurrido como el Fondo del Seguro del Estado.

Los hechos probados en que funda la Comisión su decisión, y aun la extendida relación de dicha prueba que en sus escritos hacen el Fondo del Estado y el obrero, no ubican este caso en excepción alguna a la regla de "ir y venir del trabajo".(1) *Gallart, Admor.* v. *Comisión Industrial,* 87 D.P.R. 17, 23 (1962). Al ocurrir este accidente, el obrero no viajaba para beneficio del patrono sino que aparece aprovechando una invitación o favor de éste. No demuestran los hechos que el convenio de trabajo incluyera transportación suplida por el patrono al obrero en el regreso de Cayey a

(1) La regla: En ausencia de circunstancias especiales, un empleado que se lesiona mientras se dirige o regresa de su lugar de trabajo está excluido de los beneficios que proveen las leyes de compensación. La razón de esta regla es que la relación de patrono y empleado usualmente se interrumpe desde que el empleado deja el trabajo para irse a su casa hasta que reanuda la labor, toda vez que durante el tiempo en que va hacia o regresa del trabajo, no rinde ningún servicio al patrono. Schneider, *Workmen's Compensation,* Vol. 8, sec. 1710, pág. 3; *Valentín Nadal* v. *Comisión Industrial,* 94 D.P.R. 659, 662 (1967).

412

Caguas.(²) Mediando esta ausencia de prueba que induce la conclusión de que el obrero era el beneficiado por la transportación, en un día específico que es ocasión aislada, no pueden dilatarse los conceptos "curso del empleo" o "lugar de trabajo" hasta cubrir el accidente vehicular en el camino. "Un viaje [ride] de cortesía que ofrece el patrono generalmente no da lugar a responsabilidad bajo estatutos de compensación [por accidentes laborales]. La transportación debe proveerse como elemento real del empleo para que la cubra la regla. En otras palabras, debe haber una obligación expresa o implícita de parte del patrono para proveer transportación." Schneider, *Workmen's Compensation*, Tomo 8, sec. 1746, pág. 258. La regla de compensación no cubre a un empleado a quien su patrono le provee transportación, en ausencia de convenio expreso o implícito, o uso y costumbre incidental al contrato de trabajo, a menos que la transportación opere para beneficio del patrono. Un favor extendido sin aparente beneficio para el patrono no coloca el accidente dentro de la norma de compensación. *LeWhite Construction Company* v. *Dunn et als.*, 176 S.E.2d 809, 812 (Va. 1970); *Capozzi* v. *United States*, 326 F.Supp. 784 (E.D. N.Y. 1971). La regla en Florida como en Puerto Rico excluye de compensación accidentes que sobrevienen mientras el obrero va hacia o regresa de su sitio regular de trabajo. En el caso de *Allen*, el día del accidente el obrero dejó reparando el camión que usaba para ir al trabajo y tomó un pequeño avión propiedad de y pilotado por su patrono que se estrelló al levantar, matándose ambos. No se consideró el caso accidente del trabajo excluyente de la acción civil por negligencia contra el patrono

(²)"La transportación provista por el patrono puede ser costumbre y usanza, tanto por convenio expreso, como en la situación de empleados que trabajan lejos de su casa y se envuelven en la conocida y habitual práctica de viajar en camiones del patrono. Pero un viaje aislado, no autorizado [de tal modo] en el vehículo del patrono, generalmente se considera fuera del curso del empleo." Larson, *Workmen's Compensation*, Vol. 1, sec. 17.30, pág. 4-135 (1972).

por los herederos del obrero, porque la transportación provista el día del accidente se dio como una conveniencia para el empleado en vez de prestación expresa o implícita del contrato de trabajo entre las partes. *Allen* v. *Estate of Carman*, 281 So.2d 317, 323 (1973) Fla., acogido por Larson, *Workmen's Compensation*, Vol. 1, sec. 17.30 pág. 4-138, Supto. 1976.

■ La regla de "ir a y regresar del trabajo" que regula la compensación a obreros víctimas de accidentes ha sufrido la erosión de tantas excepciones[3] impuestas por la necesidad de hacer justicia, frente a la rigidez y artificialidad de la norma, obsoleta en gran medida para reglar el concepto de "en el curso del empleo" en la avanzada sociedad industrial urbanista de nuestros días, que algunos tratadistas sugieren su abolición y entre tanto proponen la decisión de cada caso sobre sus propios méritos. 14 *NACCA L.J.* (1954), pág. 39 y ss. La regla debe mantenerse porque el sistema de seguro exclusivo no podría absorber el costo de compensación indiscriminada de cuanto accidente ocurra en tránsito hacia o de regreso del trabajo. Pero deben superarse sus estrecheces para que no coarte las exigencias y eficacia de este servicio social

---

[3] Las excepciones se multiplican y devoran la regla. *NACCA Law Journal*, citando de Larson, señala las siguientes: (1) riesgos especiales de la ruta normal hacia el trabajo, mayormente lesiones en tren [o autobus]; (2) viaje o traslado entre dos partes o áreas del mismo lugar de trabajo (predios del patrono); (3) extensión a las aceras cercanas para cubrir por ejemplo un resbalón a dos pies del portón de entrada del patrono; (4) riesgos del empleo que se proyectan más allá del sitio de trabajo (*premises*) como el sufrido por un obrero de muelle, parado en la vía pública junto al mamparo o muro del muelle de su patrono, lesionado en una congestión de vehículos que allí acudían en negocios con su patrono; (5) lesiones en el sitio de trabajo, antes y después de la jornada; (6) todo el sistema vial como extensión de los predios patronales; (7) regla de lugar de trabajo aplicable al ir y venir de tomar alimentos. En franca tendencia progresiva las decisiones de los tribunales, tomando conciencia de la injusticia y artificio de la regla, tratan de humanizarla, haciendo *excepción* de casos que les impresionan como comprendidos en el espíritu de las leyes de compensaciones a obreros. 14 *NACCA L.J.* (1954), pág. 39 y ss.

en los variados nuevos riesgos del orden industrial mecanizado que ha ampliado considerablemente la noción de "en el curso del empleo" y aun la de "predios del patrono." A tal fin la provisión de compensación debe estar disponible con liberalidad que salve la justicia y los méritos del caso, toda la liberalidad que toleren los principios de Derecho que preservan la ordenada interacción de intereses en esta valiosa institución.

■ La prueba del recurrido en el caso de autos no estableció el requisito mínimo de que al montar como invitado al vehículo de su patrono estuviese actuando más allá de su propia conveniencia y provecho.

Tampoco está claro otro aspecto de los méritos del caso. El obrero recurrido acude al Fondo del Seguro del Estado en busca de un segundo remedio social, pues ya se benefició del provisto por la Ley de Protección Social por Accidentes de Automóviles, *supra*, y tuvo también a su disposición la acción civil bajo el 1802 contra su patrono si éste hubiere causado por su negligencia, el referido accidente. Aun la liberalidad encarna un principio de restricción por el superior valor de lo justo. *Revocada.*