■ In the Matter of the Claim of RICHARD A. PEARSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed November 2, 1987.

Claimant became ill while on duty as a New York City Transit Police Officer. He advised his supervisor and the "sick desk" of the illness and was directed go home and report to

the Transit Authority clinic the following morning.* Claimant was injured in an automobile accident while driving his own vehicle to the clinic, giving rise to this claim for workers' compensation benefits. A Workers' Compensation Law Judge disallowed the claim, the Workers' Compensation Board reversed and this appeal by the employer ensued.

The employer contends that, as a matter of law, claimant's injury did not arise out of and in the course of employment. We disagree. "While the general rule is that risks of travel to and from work are not incidents of employment * * * an exception exists for employees directed to perform a 'special errand' or service for their employer" (*Matter of Junium v Bazzini Co.*, 86 AD2d 690). Under very similar circumstances, in *Matter of Augustine v New York State Elmira Correctional Facility* (64 AD2d 340), we affirmed an award of compensation to a teacher injured in an automobile accident while returning from a medical examination required to determine the teacher's qualification for the employer's retirement system. The medical examination benefited the employer in both cases, here by insuring that employees did not leave work due to frivolous or false claims of illness and that employees who were ill did not continue to work, thereby endangering themselves and others. The employer's reliance upon *Matter of Hampton v Kelly* (33 AD2d 856) is misplaced because there "[i]t [was] abundantly clear from the record that decedent used his car * * * for personal reasons" (*supra,* at 856) and "if decedent had been returning from a delivery * * * the result might [have been] different" (*supra,* at 857). We conclude that the Board's finding that claimant's injury arose out of and in the course of his employment is supported by substantial evidence and should, therefore, be affirmed (*see, Matter of Dorman v New Process Gear Div. Chrysler Corp.*, 44 AD2d 8, 9, *affd* 35 NY2d 975; *Matter of Love v N. Y. S. Craig School,* 42 AD2d 796, *affd* 34 NY2d 680; *Matter of Donnell v Waccabuc Country Club,* 29 AD2d 1022; *Matter of O'Donnell v Board of Educ.,* 15 AD2d 600, 601).

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.

---

* The employer's rules provide that a member of the force shall not presume to judge the seriousness of an injury or illness to himself, however slight, and that the supervising desk officer, upon receipt of a report of injury to, or illness of, a member of the force shall direct the injured or sick member to proceed to the Transit Authority clinic.