In the Matter of the Claim of WILLIAM KLEIN, Respondent, against SUNRISE BUILDING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The claimant was injured on March 2, 1955 while working on a house as a carpenter. He had entered into an agreement with the Sunrise Building Co., pursuant to which he was to receive the sum of $425 for performing certain work and under which he was designated as a subcontractor. The contract for the work had been procured from the home owner by a salesman, James Chambers, who split the profit from the transaction equally with one Frank Tursi, the owner of Sunrise Building Co. which was designated as the contractor in the agreement which the claimant signed. At the time he was contacted by Chambers about the job the claimant was working for the Sunrise Lumber Co. which was also owned by Tursi. In the past the claimant had entered into such agreements both individually and as a partnership with another person. This partnership had been covered by compensation but it had split up in the latter part of 1954. The claimant testified that he had been told by Tursi that he would be covered by compensation on this job and this was supported by the testimony of Chambers. The bookkeeper of Sunrise Building testified that it was the company's policy to place persons, who had entered into the same kind of agreements as the claimant had, on the company's payroll as employees if they did not have their own compensation coverage. He stated that this had not been done with the claimant because he understood that he was covered. Although it appears from the agreement that the claimant was to furnish the materials they were in fact supplied by Sunrise Building. The question presented on this appeal is whether the claimant was an employee, as found by the board, or an independent contractor, which the appellants maintain he was. If recourse were had only to the agreement between the claimant and Sunrise Building it would appear that the claimant was an independent contractor. This agreement did not, however, preclude the board from making an examination to determine the actual nature of the relationship (*Matter of Morton,* 284 N. Y. 167, 175; *Matter of Dodd* v. *North Patchogue Fire Dist.,* 286 App. Div. 904). The principal factors to be considered in determining whether a relationship is one of employment or independent contractorship are right to control, method of payment, furnishing of equipment, right to discharge, and the so-called relative nature of the work test. Employment can often be established on the basis of one of these factors alone (see Larson, Workmen's Compensation Law, § 44.31). The evidence was such here as to permit the board to find that Sunrise Building had the right of control not only the end result but also the manner of

performance of claimant's work. Chambers testified that he told the claimant what time to be on the job, that he visited the job several times a day, that he supervised the job and that he could take the man off the job if he was needed to perform work some place else. As to method of payment, it was stated by the company's bookkeeper that although a lump sum was agreed upon that if there was extra work the men were paid for it. Although not provided for in the agreement and apparently directly contrary to it, Chambers testified that he had the power to dismiss the claimant. Thus it seems the board could properly find that the relationship between the claimant and Sunrise Building was not as indicated by the agreement. It could be inferred from the policy of the company to carry persons who had signed such agreements on its payroll as employees if they were not covered by compensation that the parties did not intend the relationship to be one of independent contractorship as the agreement indicates. There was evidence in this record upon which the board could determine that the claimant was an employee, and we cannot say as a matter of law that he was an independent contractor and where, as here, conflicting inferences may be drawn from the evidence, the determination of the board is conclusive (*Matter of Gorden* v. *New York Life Ins. Co.*, 300 N. Y. 652, 654). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.