Chief Judge Fold.
The sole issue on this appeal is whether the death of an employee in an automobile accident on his way home from work arose out of and in the course of his employment.
Gerald Hille, the president of Gerald Records, Inc.—with offices in New York City—lived in Madison, New Jersey. The company was engaged in recording and releasing phonograph records, and Hille, among other duties, arranged the recordings and edited tapes. On August 31, 1962, at about 2:30 a.m., he finished a recording session at a private recording studio, rented by the corporate employer and located not far from the company’s office in Manhattan. There was no evidence as to the time Hille left the studio but some two hours later, at about half past four, the car in which he was homeward bound hit a utility pole near Summit, New Jersey. He was killed almost instantly.
There is evidence, although it is somewhat indecisive, that Hille had tapes with him at the time of the accident. He did, however, have at home a tape recorder belonging to his *137 employer and he frequently used it in connection with his job. Thus, the company’s director of sales and promotion declared that it was “ part of Mr. Hille’s job ” — and a common practice among recording companies — to take a tape home, listen to it “ for playbacks and mistakes ” and thereafter return it to the studio for editing. The company’s vice-president—who also lived in New Jersey*—was even more specific, testifying that he and Hille “ used to listen to these recordings all the time ” at Hille’s home; that, “ many times after the recording session was over, he used to take these tapes home with him, and he had a little studio [at] home with a tape recorder, and used to listen to them the next day * * * and I used to go there and correct them one way or the other.”
Although dissatisfied with the evidence adduced — at one point describing it as “inconclusive ” — the Workmen’s Compensation Board, nevertheless, made an award in the claimant’s favor, expressly finding that Hille’s work and duties required him “to be an inside and outside worker, that he was in the course of his employment while traveling home at the time of the accident * * * that said accident arose out of, and in the course of his employment, and that death is causally related thereto.” The Appellate Division disagreed, dismissing the claim. Remarking that Hille had taken tapes home with him only “ on occasion ”, it was strongly influenced by its conclusion that there was no evidence that he had any in his possession on the night of the accident. In our judgment, this represents altogether too narrow a view of the law.
“Outside employees” constitute a class of workers, this court declared some years ago, who, “ hav[ing] no fixed place in which their work is done” (Matter of Bennett v. Marine Works, 273 N. Y. 429, 431), come within the exception to the rule that accidents occurring off the actual employment premises, on the way to or from work, are not compensable. “ Examples ” of outside workers, the court went on to say in the Bennett case (273 N. Y., at pp. 431—432), “ are traveling salesmen, collectors and solicitors. * * * Following the liberal approach in dealing with this branch of the law, the decisions have * * * held that employment begins when travel from home towards the first customer commences. * * * Compensation also has been granted in the converse *138 situation where salesmen were on their way home from visiting customers, or from the office of their employer.”
Concededly, Hille was not a salesman or, in the strict sense of the term, an outside worker but he did, and was privileged to, perform his tasks either in his office, in an independent outside studio or at his home, and the rationale underlying Bennett and similar decisions is applicable to the present case. If, as one authoritative writer in the field has put it, the ‘' work duties associated with the employee’s home are such that it can genuinely * * * be said that the home has become part of the employment premises ”, an accident occurring between work and home is compensable (1 Larson, Workmen’s Compensation Law [1966], § 18.31, p. 294.33).[1] This conclusion is but a logical outgrowth of the well-established “mixed” or “dual purpose ” trip doctrine announced in Matter of Marks v. Gray (251 N. Y. 90) which, as Professor Larson points out (op. cit., § 18.31, p. 294.31), affords a “ most reliable guide ” in determining whether an accident sustained in the course of a “ going and coming” trip between office (or other premises of the employer) and home is employment-connected. In order to meet the mixed purpose test, there must be either a specific work assignment for the employer’s benefit at the end of the particular homeward trip or so regular a pattern of work at home that the home achieves the status of a place of employment. “ [T]he quantity and regularity of work performed at home; the continuing presence of work equipment at home; and special circumstances of the particular employment that make it necessary and not merely personally convenient to work at home” have been suggested as helpful “indicia” for determining such status (Larson, op. cit., § 18.32, p. 294.37).
In the case before us, despite the uncertain character of the proof that Hille had tapes with him on the night in question, there is ample evidence from which the board could permissibly find that he actually used his home as “ a place of employ *139 ment ” to carry on his job. He regularly took tapes home and there worked on them, sometimes by himself, sometimes with another employee; he had work equipment at his home, in the form of a recorder owned by the corporation; and it was necessary and beneficial to his employer for him to perform duties at home in view of the lateness and irregularity of his working hours as well as of the custom in the trade. Accordingly, Hille’s trip met the test of the “ mixed ” or “ dual ” purpose doctrine. And this is, in effect, what the board found, even though it chose to characterize Hille as an “ inside and outside worker ”.
It is appropriate, perhaps necessary, to add that the mixed or dual purpose test must be applied with caution to professional employees, such as teachers, doctors, lawyers and the like, who have frequent occasion to carry home work of varying degrees of importance and substantiality. The “ going and coming” rule — the caveat is contained in Larson’s treatise (op. cit., § 18.32, p. 294.39)—is not to be subjected to “a process of gradual erosion, through the device of finding some tidbit of work performed at home ”. We run no such danger here; the record furnishes substantial evidence that Hille’s home was truly a place of employment.
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the determination of the Workmen’s Compensation Board reinstated.

. See, also, Matter of Tiernan v. Potter (281 App. Div. 787); American Mercury Ins. Co. v. Britton (314 F. 2d 285); Inglish v. Industrial Comm. (125 Ohio St. 494); Lang v. Board of Educ. (70 S. D. 343); cf. Matter of Sienhiewicz v. Buffalo Lite Vent Corp. (25 A D 2d 795, mot. for lv. to app. den. 18 N Y 2d 577); Matter of O’Connor v. Johnson & Johnson (12 A D 2d 846).