■ In the Matter of the Claim of ROSE GENNARELLI, Respondent, v. SPRUCE-UP CLEANERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed April 16, 1969, as amended by decision of August 7, 1969. Decedent, employed by appellant as the manager of a drycleaning establishment, was responsible for cleaning and spotting clothes. In addition he performed tailoring services for his employer at home after regular working hours. On September 10, 1966, while on his way home, he was involved in an automobile accident which, although comparatively minor in nature, caused a heart seizure and death. The board found: " there was employer-employee relationship between the claimant and Spruce-Up Cleaners, Inc.; that the decedent, on occasions, performed work for the employer herein both at the location of the employer's premises and at the decedent's home, which necessitated the decedent taking clothes home in his car, and that under the conditions of his employment, the decedent was within the scope of his employment while on his way home. A further finding is made that the automobile accident of September 10, 1965 caused an undue emotional strain beyond the ordinary wear

and tear of life and that such undue emotional strain superimposed on the pre-existing heart condition resulted in a ventricular fibrillation or cardiac standstill and the death. The majority of the Board Panel further finds that the decedent sustained an accidental injury arising out of and in the course of employment and that there is causal relationship between the death and such accidental injury sustained." Although payments to decedent for his tailoring services to appellant were allegedly made by check to " Fast Tailoring Service " and were treated for income tax purposes as income from self-employment for which no withholdings were taken, the board could properly find that the work was performed by decedent as an employee rather than as an independent contractor. (See *Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025.) It is the actual facts of the relationship rather than the name or form given to it that determines a worker's status (*Matter of Gordon* v. *New York Life Ins. Co.*, 275 App. Div. 135, revd. on other grounds 300 N. Y. 652). Factors to be considered include the right to control, right to discharge, and nature of the work performed. Employment can often be established on the basis of one of these factors alone. (*Matter of Klein* v. *Sunrise Bldg. Co.*, 7 A D 2d 805, mot. for lv. to app. den. 5 N Y 2d 711.) There is no indication that appellant's right to control and right to fire decedent for his off-premises work differed in any respect from his rights involving decedent's on-premises employment. Moreover, the work in question was performed as a regular part of appellant's dry-cleaning business. Since the board could properly find that decedent's tailoring services at home for appellant were performed as an employee, the board could properly find that decedent's death while on his way home, arose out of and in the course of that employment. The work duties performed at home were such that the home became part of the employment premises. Travel between work and home was, therefore, within the course of employment and an accident occurring therein is compensable. (*Matter of Hille* v. *Gerald Records*, 23 N Y 2d 135.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.