■ In the Matter of GETTA LEVI, Respondent, v. INTERSTATE PHOTO SUPPLY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board, filed October 19, 1973. Ivan Levi, claimant's decedent, was employed as an import manager at the employer's premises in Carle Place on Long Island. His duties included spending some of his time, variously estimated at one-half day per week to one quarter of his working time, outside the office. In addition, decedent often worked at home, with the employer's knowledge and approval. Whenever he was working outside the office and his business was completed before the end of the day at 5:00 P.M., decedent could use his own judgment as to whether to return to the office or to work at his home at 45 Pinehurst Avenue in New York City. On the morning of July 21, 1972, decedent called Mr. Strauss, a friend who regularly drove him to Sackett Lake to spend the weekend with his wife at their summer bungalow, told him that he had a business meeting in Manhattan, and asked Strauss to meet him at his home at about 5:00 P.M. Decedent attended a business meeting regarding settlement of a claim from 1:00 P.M. to 2:30 P.M. at 17 Battery Place in New York City. Prior to leaving Carle Place that morning, decedent's instructions were " if he finished early enough he would come back or he would call me [his supervisor] when he got home and let me know how he made out on it and he would do additional work when he got there." At the conclusion of the business meeting, decedent apparently decided that it would be pointless to return to the office in view of the hour and a half traveling time involved. At about 3:45 P.M. decedent's body was found partly in and partly out of the elevator

on the second floor of his apartment building. He had been shot in the head by an unknown assailant 5 or 10 minutes earlier and his wallet was missing. His briefcase, containing papers pertaining to the claim on which he had been working as well as other claims, had been rifled. At the conclusion of hearings on the widow's claim for death benefits, the referee disallowed the claim. The board reversed, finding that decedent's death arose out of and in the course of his employment. Appellants contend that the board erred in permitting an award of death benefits since first, decedent had completed his journey home when he crossed the portal to the building and was therefore no longer in the "course of employment", and second, decedent was not actually engaged in business activity at home at the time of his death. In *Matter of Hille* v. *Gerald Records* (23 N Y 2d 135), a recording company executive, who occasionally listened to studio tape recordings at his home, was killed while returning home from a recording session. The evidence as to whether or not he actually had tapes with him at the time of the accident was "indecisive" and "uncertain". Nevertheless, the Court of Appeals declared that the board could find that the executive's home had achieved the status of a "place of employment" and thus the trip home had a mixed business and personal purpose and the accident arose out of and in the course of employment (*id.*, pp. 138–139). In the instant case, the evidence supporting the finding of an accident arising out of and in the course of employment is stronger than that in *Hille*. The employer knew that decedent regularly worked at home and approved of his practice of working at home when returning to the office after a trip outside would be impractical. Indeed, on the day of the fatal accident, decedent was instructed, if he decided not to return to the office, to call his supervisor and *to do additional work when he got home.* There is undisputed proof in the record that at the time of his death, decedent had work-related papers in his brief case (cf. *Matter of Hille* v. *Gerald Records, supra*). Clearly, decedent's home had achieved the status of a place of employment and, in journeying there at the conclusion of his business meeting to call in and to do additional work until the end of the working day, decedent was in the course of his employment (see *American Mercury Ins. Co.* v. *Britton*, 314 F. 2d 285). His trip home was for the convenience of the employer since that was the only convenient site where he could continue to work for the rest of the day (cf. *Proctor* v. *Hoage*, 81 F. 2d 555). The accident which occurred prior to the completion of his journey thus arose out of and in the course of his employment (*Matter of Hille* v. *Gerald Records, supra*; see *Matter of O'Brien* v. *Metropolitan Life Ins. Co.*, 39 A D 2d 990; 1 Larson, Workmen's Compensation Law, § 18.31). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.