■ In the Matter of the Claim of JUNE MUNRO, Respondent, v COUNTY OF SUFFOLK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed April 4, 1974 and December 13, 1974, which affirmed an award of death benefits to the widow and minor children of the deceased employee herein. Decedent, a Judge of the District Court of Suffolk County, was killed at approximately 2:00 P.M. on January 25, 1972 when a tree fell on his automobile as he was driving from his home in Smithtown to the courthouse in Hauppage. In awarding benefits, the board ruled that his death arose out of and in the course of his employment and the sole question presented on this appeal is whether or not there is substantial evidence to support this determination. We find that there is substantial evidence to support the board's determination. According to the testimony of the Honorable Angelo Mauceri, Presiding Judge of the Suffolk County District Court, the decedent told him on the day of his death that he would not be able to accompany him to a local restaurant for lunch, as was his daily custom, because he was busy with some motions and was going home for some books. Although this

is plainly hearsay proof of the nature and purpose of decedent's fateful trip, it is admissible and may be relied upon by the board where, as here, it is sufficiently corroborated by circumstances and other evidence (Workmen's Compensation Law, § 118; *Matter of Angelino v 600 Park Ave. Corp.,* 28 AD2d 798). In the present instance, there is testimony that it was unusual for the decedent to go home for lunch, but that he did maintain a substantial legal library at his home while the library at the courthouse in Hauppage was incomplete. Additionally, there is further evidence that the decedent was nearing the end of a term of court at the time of his demise and that he had before him numerous motions which were still to be decided and upon which the Presiding Judge ruled after decedent's death. With support such as this, the board's factual determination must be affirmed *(Matter of Guggenheim v Hedke & Co.,* 32 AD2d 1017, affd 27 NY2d 596). Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.