■ In the Matter of the Claim of CLEMENTINE WOJNAR, Appellant, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 25, 1975, which disallowed claimant's claim for death benefits. Decedent, aged 57, resided in Amsterdam, New York, and was employed by the New York State Thruway Authority as a toll collector. On September 29, 1971 at about 2:15 P.M., while traveling on the Thruway towards Exit 23, his collection station, he sustained fatal injuries. He was to report at his station some 25 miles away at 3:00 P.M. The board denied claimant benefits on the ground decedent's death did not arise out of, nor in the course of, his employment. In urging reversal claimant relies heavily on the fact that decedent was on his way to work riding on the Thruway in uniform and as a fringe benefit of his employment possessed a "toll free pass". In our view, there is substantial evidence in the record to sustain the board's determination and we must affirm *(Matter of Murphy v New York City Tr. Auth.,* 38 AD2d 346). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of DAVID J. II, a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from an order of the Family Court of Tompkins County, entered September 20, 1976, which adjudicated the appellant a juvenile delinquent. Appellant properly contends that he was not adequately advised of his rights prior to the taking of his alleged written confession. The record sustains appellant's contention that he was not advised that if he desired counsel and was unable to retain one, that counsel would be assigned to him. We note further that subsequent to the filing of the appeal herein, an order was entered on January 11, 1977 in the Family Court of Tompkins County adjudging that the allegations of the petition herein have not been established and further ordering the dismissal of the petition herein on the merits. Order reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.