■ In the Matter of the Claim of LUCY NEFF, Respondent, v TEK BEARING Co. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 14, 1977, which awarded benefits to claimant. The sole issue on this appeal is whether there is substantial evidence to sustain the board's determination that claimant's injuries arose out of and during the course of her employment. Claimant was employed by appellant TEK Bearing Company as an inside sales person and regularly working from 9:00 A.M. to 5:00 P.M. Claimant drove to work each day in her own automobile over the same route with no financial allowance from her employer. On October 30, 1975

she was required to attend a meeting which began at approximately 5:30 P.M. The meeting was later adjourned to a restaurant some 10 miles away where claimant and others were driven by one involved in the meeting. Thereafter, at about 10:30 P.M., the meeting ended and all were returned to the employer's office. Claimant then proceeded to drive her own car home by the customary route and was involved in an automobile accident at a point some five minutes from her home. While the testimony is somewhat conflicting, there is sufficient proof to establish that plaintiff was compensated for these meetings which occurred about six times a year. The board found claimant sustained an accident arising out of and in the course of her employment. Considering the record in its entirety, we arrive at a contrary conclusion and reverse. It is a well-established principle that the risks of travel to and from work are not risks of employment (*Matter of De Voe v New York State Rys.*, 218 NY 318; *Matter of Trent v Collins Tuttle & Co.*, 20 AD2d 948). In the instant case claimant was an inside worker who was returning home in her own car by her customary route of travel. The mere fact that claimant was making this trip at an hour which was later than normal does not bring the trip within the course of her employment. Decision reversed, and claim dismissed, with costs to the employer and its insurance carrier against the Workers' Compensation Board. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.