■ In the Matter of the Claim of HELEN STARK, Respondent, v HOFF LITHOGRAPH Co. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 15, 1980. Claimant was employed as a bookkeeper and office manager by a small corporation in New York City. She was in complete charge of all payrolls, accounts receivable and accounts payable, and had no immediate supervisor to direct the performance of her responsibilities. Claimant was paid a salary, but received no overtime pay or compensation for extra work. Her duties required her to take work home approximately three nights a month in order to meet certain deadlines. On December 29, 1977, she found it necessary to work at the office until approximately 8:45 P.M. When she left, claimant took with her a payroll schedule for the next year, intending to work on it at home that night so that it could be mailed out for timely processing. However, while walking from the railroad station near her residence in Massapequa at approximately 10:10 P.M., she was mugged, sustaining serious and permanent injuries. The board has awarded benefits to claimant, finding she was on a special assignment which was required to be accomplished for her employer that evening (cf. Matter of Hille v Gerald Records, 23 NY2d 135). There is substantial evidence to support the board's determination. The position of responsibility and authority occupied by claimant was such that her unilateral decision to work at home to fulfill her obligation as a quasi-executive brought her efforts within the contemplation of the "special assignment" rule (Matter of Borders v Scull Co., 33 AD2d 870). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.