■ In the Matter of the Claim of THOMAS TSAPATORIS, Appellant, v G. L. M. CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD,

Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 20, 1979, which determined that claimant's injuries did not arise out of and in the course of his employment and hence were not compensable. Claimant, a construction worker who operated heavy equipment, was involved in a motor vehicle accident and severely injured. The accident occurred at about 6:45 A.M. while he was en route to the employment site, located some 10 miles from his home. On this particular job, his regular working hours were from 7:00 A.M. to 3:30 P.M. At the time of the accident, he was alone, driving his own personal vehicle. Concededly, he received no allowance or reimbursement for travel expenses. Despite his contrary contention, it does not indisputably appear that use of his vehicle was a requirement or condition of his employment on that day (see *Matter of Freebern v North Rockland CDA*, 64 AD2d 300) or that the personal tools he carried in his car were for anything other than his own convenience. There being substantial evidence in the record to sustain the board's determination, we must affirm (*Matter of Wojnar v New York State Thruway Auth.*, 56 AD2d 947; *Matter of Lutgen v Conte Elec.*, 50 AD2d 624). Decision affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.