■ In the Matter of the Claim of ALFREDA JUNIUM, Respondent, v A. L. BAZZINI COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 26, 1981, which held that decedent's death arose out of and in the course of his employment. Claimant's decedent was secretary of the employer corporation. Essentially, decedent was an inside employee with regular hours from 9:00 A.M. to 5:00 P.M. On occasion, he would travel outside the office to perform his duties. An adjourned audit by the Internal Revenue Service was scheduled for January 20, 1978. Either decedent or Theodore Bazzini, vice-president of the corporation, was *required* to attend. On this date, Bazzini phoned decedent at home to advise him that the weather prohibited his own attendance at the audit, and he directed decedent to attend. It is undisputed that an unusually severe blizzard had occurred, seriously affecting travel conditions. In response to Bazzini's call, decedent shoveled high snow to get his car out of his driveway, at which time he suffered a fatal heart attack. Claimant's widow filed a claim for death benefits. The board decision stated: "Upon review, the Board Panel finds that decedent was reimbursed for travel expenses when he used his automobile for company business and it was essential that he report to work on January 20, 1978 to participate in the audit previously scheduled. The effort required in shoveling snow was strenuous and sufficient to precipitate the fatal heart attack. The Panel finds that the death arose out of and in the course of employment." The employer and its carrier contend that, as a matter of law, decedent's death did not arise out of and in the course of his employment. We disagree. "The courts are bound by the Workmen's Compensation Board's findings of fact which, including the ultimate fact of 'arising out of and in the course of', must stand unless erroneous in law and regardless of whether conflicting evidence is available (Workmen's Compensation Law, § 23)" (*Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942). While the general rule is that risks of travel to and from work are not incidents of employment (*Matter of Neff v Tek Bearing Co.,* 64 AD2d 740, 741, citing *Matter of De Voe v New York State Rys.,* 218 NY 318), an exception exists for employees directed to perform a "special errand" or service for their employer

(*Matter of Love v N. Y. S. Craig School,* 34 NY2d 680, affg on opn below 42 AD2d 796). Here, decedent attempted to comply with the special direction of his superior to attend a crucial audit appointment, despite hazardous weather conditions. Although this was a regular work day and decedent would routinely drive to work or to the train station, the record supports an inference that decedent would have remained at home on this particular day absent this direction. It is undisputed that the employer would benefit from this "special errand" unlike the factual situations in *Matter of Costa v New York State Workmen's Compensation Bd.* (34 AD2d 585) and *Matter of Panzica v Ransom Oaks, Div. of Caldwell Dev. Corp.* (71 AD2d 733). In our view, the board's finding that decedent's death "arose out of and in the course of employment" is supported by substantial evidence and is not erroneous as a matter of law (*Matter of Tsapatoris v G. L. M. Corp.,* 81 AD2d 728; *Matter of Wojnar v New York State Thruway Auth.,* 56 AD2d 947). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.