■ In the Matter of the Claim of PETER J. HERNANDEZ, Respondent, v ALLEN CARPET et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 16, 1981, as amended by a decision filed March 8, 1982, which determined that claimant sustained a compensable injury arising out of and in the course of his employment. Claimant was working as a sales manager for the employer herein at a retail store at 2430 Grand Concourse, Bronx, New York, when he was directed by his supervisor to attend a store managers and executive personnel meeting to be held on August 19, 1977 in Jamaica, Queens. On the night of August 19, 1977, claimant drove his automobile from his place of employment to the meeting and took two coemployees with him as passengers. The meeting concluded at approximately 11:45 P.M., and shortly thereafter, claimant returned in his vehicle with three coemployees to The Bronx. Two of his passengers were dropped off at the store at 2430 Grand Concourse and the third was then dropped off near his home at the 233rd Street exit of the Bronx River Parkway. Claimant then proceeded on a direct route to his home in West Haverstraw, New York, via the Bronx River Parkway and the Sprain Brook Parkway. While so driving, he was involved in a one-car accident on the Sprain Brook Parkway and was later discovered by the State Police at approximately

3:40 A.M. on August 20, 1977, unconscious at the accident site. As a consequence of the injuries which he sustained in this accident, claimant subsequently filed a claim for compensation benefits, and the board ultimately reversed a decision of a workers' compensation law judge and held that claimant was entitled to a compensation award because he had sustained a compensable injury arising out of and in the course of his employment. On this appeal, the employer and its carrier contend solely that the board erred in ruling that claimant's accidental injury arose out of and in the course of his employment, and we find their arguments unpersuasive. Given the undisputed facts of this case as set forth above, claimant was obviously injured accidentally while driving his automobile on a direct route from his employer's dinner meeting, which he was required to attend in Queens, to his West Haverstraw home, and such being the case, the board was clearly justified in concluding that he had sustained a compensable injury (cf. *Matter of Dorman v New Process Gear Div. Chrysler Corp.*, 44 AD2d 8, affd 35 NY2d 975; *Matter of Church v Worthington Corp.*, 12 AD2d 571, mot for lv to app den 9 NY2d 609). In so ruling, we deem it irrelevant that on his direct route home claimant made two stops, one of which was at The Bronx store, to drop off fellow employees, and we also find that *Matter of Neff v Tek Bearing Co.* (64 AD2d 740), relied upon by appellants, does not require a contrary result. The claimant in the latter case did not use her own car to travel to an evening meeting, but rather was driven to a meeting and then brought back to her place of employment from whence she commenced her regular, albeit delayed, trip home in her own automobile. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.