■ In the Matter of the Claim of MAURICE WEINSTEIN, Respondent, v 16 EAST 58TH STREET CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 6, 1980, as amended by decision filed February 9, 1981, and reaffirmed by decision filed January 7, 1982, which ruled that claimant sustained an accidental injury in the course of his employment and awarded benefits. Claimant was the president of a retail liquor store corporation in Manhattan who sustained head injuries when he fell down some stairs leading to a subway station near his Queens home at 7:30 A.M. on December 14, 1978. The board affirmed the determination of the hearing officer finding that claimant sustained an accidental injury in the course of his employment and awarded benefits. This appeal by the employer and its carrier ensued. The general rule is that employees are not deemed to be acting within the scope of their employment while traveling to and from work (*Matter of De Voe v New York State Rys.*, 218 NY 318). Exceptions to this general rule, however, allow for compensation for injuries sustained while traveling when the travel can be characterized as work-related due to the employee's status as an "outside worker" (*Matter of Bennett v Marine Works,* 273 NY 429) or performance of a "special errand" (*Matter of Love v N. Y. S. Craig School,* 34 NY2d 680, affg on

opn below 42 NY2d 796). In the instant case, claimant did not testify due to the injuries suffered as a result of the fall which caused him to have no recollection of how the accident occurred. Claimant's son, who worked with claimant in the business, testified that claimant told him the night before the accident that he had an appointment to meet a customer the next morning. In addition, there is testimony in the record that the employer received a phone call from a customer on the morning of the accident indicating that claimant failed to show up for an appointment. Regardless of whether claimant's activities on the morning in question are labeled as those of an "outside worker" or one on a "special errand", there is substantial evidence in the record to sustain the board's factual finding that claimant was acting within the course of his employment when he sustained an accidental injury (see *Matter of Junium v Bazzini Co.,* 86 AD2d 690). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.