■ In the Matter of the Claim of RALPH WATSON, Respondent, v GRAPHIC MANAGEMENT SYSTEMS et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 28, 1982. Claimant's wife, the decedent herein, was secretary and treasurer of a closely held corporation with its principal office in New York City. Claimant is the president of the corporation. Decedent performed most of her duties for the corporation, such as keeping the books and preparing checks for claimant's signature, in a room set aside for that purpose at their home in South Salem, New York. The room contained a typewriter, ledger books and the corporate checkbook. On occasion, she had to go to the New York City office for an audit of the books. On the day in question, two men entered the home in South Salem and raped and murdered her and another woman present. Thereafter, the assailants were apprehended and convicted. When arrested, the assailants had three corporate checks signed by decedent. Claimant also testified that his wife had telephoned the office concerning the payment of a corporate bill at about noon on the day of her death and that she had prepared a check on that day. The board found that decedent's death arose out of and in the course of her employment and awarded death benefits. This appeal ensued. We should not disturb the board's findings of fact, including the ultimate fact of "arising out of and in the course of employment", unless erroneous in law and regardless of whether conflicting evidence is available (*Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942). Considering the instant record in its entirety, we conclude that there is substantial evidence to sustain the board's findings and decision. Accordingly, there should be an affirmance (see *Matter of Hille v Gerald Records,* 23 NY2d 135; *Matter of Levi v Interstate Photo Supply Corp.,* 46 AD2d 951). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.

■ In the Matter of SHAWANGUNK HOLDINGS, LTD., Appellant, v TOWN CLERK OF THE TOWN OF SHAWANGUNK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered December 27, 1982 in Ulster County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to issue a certificate for final subdivision plat approval. This court has been advised that, by resolution dated April 21, 1983, respondent has consented to the filing of the pertinent subdivision map and authorized and directed the town clerk to execute an appropriate certificate. Since this was the sole relief prayed for, this appeal has become moot. Appeal dismissed, as moot, without costs. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.