■ In the Matter of the Claim of Robert F. Hughes, Respondent, v New York Telephone Company, Appellant. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 5, 1983, which held that claimant's injury arose out of and in the course of his employment. On Saturday, September 29, 1979, claimant was a line foreman for the employer. Claimant was not on duty on that date, but at approximately 10:15 A.M., he received a telephone request from another foreman to check on a report of a broken pole. After receiving the call, claimant dressed and prepared to go to the scene of the broken pole. On his way to a company car parked in his driveway, claimant stepped on a rake which came

up and hit him in the mouth, causing the injury in question, a broken front tooth of an eight-point crown bridge. Claimant continued in his assignment, inspecting and supervising the replacement of the broken pole. Claimant was paid by the employer for the period from 10:15 A.M. until 2:15 P.M., when he completed the assignment. Based upon the above undisputed facts, the board found that claimant sustained an injury that arose out of and in the course of his employment. The employer contends that, as a matter of law, claimant's injury did not arise out of and in the course of his employment. We are unable to agree with this contention. Although the general rule is that risks of travel to and from work are not incidents of employment, "an exception exists for employees directed to perform a 'special errand' or service for their employer" (*Matter of Junium v Bazzini Co.,* 86 AD2d 690). In our opinion, the board's finding that claimant's injury arose out of and in the course of his employment is supported by substantial evidence and should, therefore, be affirmed (see *Matter of Eaton v Webster Motors,* 265 App Div 1025, affd 291 NY 699). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ. concur.