◼ In the Matter of the Claim of KATHLEEN BENNETT, Respondent, v G. O. DAIRIES, INC., Doing Business as COUNTRY GIRL, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed April 5, 1984, as amended by decision filed July 19, 1984, which ruled that claimant's injuries arose out of and in the course of her employment and awarded benefits.

At approximately 7:10 to 7:20 A.M. on July 5, 1982, claimant was wounded by gunshots from an unknown assailant moments after parking her car across the street from the store where she worked. Her fiancé, who was the manager of the store, was in the car and sustained a fatal wound in the unwitnessed shooting. Claimant testified that she drove the manager to work on a daily basis at his request, that the manager was charged with opening the store at 7:00 A.M., that he paid her for the gasoline and that the store owner acknowledged this practice and paid her an hourly wage from 7:00 A.M., even if she was delayed by the manager. The Workers' Compensation Board ruled that "claimant was performing a job related activity at the time of her injury and that therefore the injury sustained occurred in the course of her employment * * * [and] that the claimant is entitled to the presump-

tion (under Workers' Compensation Law Section 21, subdivision 1) that the accident arose out of the course of the employment."

On this appeal, the employer and its insurance carrier challenge both facets of the Board's decision, asserting that claimant neither commenced her employment duties nor reached the employer's premises at the time of the assault. We recognize the general rule that risks of travel to and from employment are not incidents of employment *(see, Matter of De Voe v New York State Rys.,* 218 NY 318), but "an exception exists for employees directed to perform a 'special errand' or service for their employer" *(Matter of Junium v Bazzini Co.,* 86 AD2d 690; *see, Matter of Hughes v New York Tel. Co.,* 99 AD2d 908, 909). In our view, the Board had ample basis in this case to conclude that claimant's activities were job related, particularly since she was being paid at the time her injury was sustained and her transportation services provided a recognizable benefit to the employer. Moreover, having established that her activities were job related, claimant was entitled to the presumption under Workers' Compensation Law § 21 (1) that her injuries arose out of her employment *(Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608). The employer and its carrier have failed to rebut this presumption. The decision is supported by substantial evidence and, accordingly, we affirm *(Matter of Weinstein v 16 E. 58th St. Corp.,* 92 AD2d 678; *Matter of Stark v Hoff Lithograph Co.,* 79 AD2d 780).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.