■ In the Matter of the Claim of JAMES G. WEIMER, Respondent, v WEI-MUNCH LIMITED et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed July 25, 1984.

Claimant had been employed for 22 years as the director of the food service program in a Buffalo high school. About July 15, 1981, he entered into a second employment by forming a corporation to own and operate a restaurant business under the name of Hermie's On the Lake, located in the Village of Silver Creek, Chautauqua County. He was president of the corporation, as well as its manager and chef. Following the close of business on Mother's Day, May 9, 1982, claimant

made a night deposit in a bank in Silver Creek and proceeded to drive to his home in the City of Buffalo. Claimant maintained the office of the corporation in his home, where all of the paper and telephone work of the business was regularly conducted. While en route to his home, claimant lost control of his automobile and drove into a ditch, as the result of which he sustained personal injuries and his wife, who was a passenger, was killed. Following hearings, the Administrative Law Judge rendered a decision which established accident, notice and causal relationship, and awarded compensation for the injuries and counsel fees. The Workers' Compensation Board affirmed based upon testimony showing that claimant was driving on a direct route to the office in his home and that the briefcase in the car contained material relating to the business on which he was going to work. The employer and its carrier have appealed.

Generally, the rule in this State is that travel to and from the work site is not a risk of employment and injuries sustained in an accident occurring during such travel are not compensable *(Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of De Voe v New York State Rys.,* 218 NY 318). Exceptions to this rule have evolved *(see, Matter of Bennett v Marine Works,* 273 NY 429 [outside employees with no set place of employment who are required to travel between work locations]; *Matter of Freebern v North Rockland CDA,* 64 AD2d 300 [employees whose travel expenses are paid or who are required to use personal vehicles as part of their duties]; *Matter of Junium v Bazzini Co.,* 86 AD2d 690; *Matter of Hernandez v Allen Carpet,* 91 AD2d 775, *lv denied* 58 NY2d 611 [special errands at employer's direction]). Under these exceptions, injuries sustained during such travel are compensable. In this case, the Board determined that claimant's home, which contained the office used by the corporation, was a second business location. The issue thus distills to whether the record contains substantial evidence to support this determination. We hold that it does. The corporate address was at claimant's home and all business mail was received there, as were all business records, files and an adding machine. All paper work such as payrolls, merchandise ordering, preparation of menus, employee scheduling and business meetings were conducted at that office.

If " 'work duties associated with the employee's home are such that it can genuinely * * * be said that the home has become part of the employment premises' ", an accident occurring between work and home is compensable *(Matter of*

*Hille v Gerald Records,* 23 NY2d 135, 138, quoting 1 Larson, Workmen's Compensation § 18.31; *see also, Matter of Gennarelli v Spruce-Up Cleaners,* 34 AD2d 1075). We find no reason to depart from that reasoning in this case.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.