■ In the Matter of the Claim of JOHN BROICH, Respondent, v NEW YORK STATE UNION COLLEGE OF OPTOMETRY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Levine, J. Appeal from a decision of the Workers' Compensation Board, filed January 14, 1985, which ruled that claimant sustained an accidental injury in the course of his employment and awarded benefits.

Claimant was employed as a senior chemist with the New York State Union College of Optometry (the college). He operated the college's biochemistry laboratory. Additionally, claimant occasionally gave lectures at the college at the request of faculty members. He regularly commuted some two hours each way between his home on Long Island and the

college in New York City. On February 9, 1982, claimant was injured at the Long Island Railroad terminal while awaiting his train home when he was shoved onto the train tracks by an unidentified assailant. At the time of his injury, claimant had a briefcase containing published materials which he had intended to use during the train ride in preparation for giving one of the lectures at a later date.

The Workers' Compensation Board held that claimant's injury was sustained in the course of his employment in that the lecture was to be given at the request of the college faculty and "this task required preparation of which the Department Chairman was aware and he had no objection to claimant's taking the work home".

We reverse on the ground that the record in the instant case does not afford a basis for applying any of the exceptions to the general rule that injuries sustained by an inside employee in going to and coming from the workplace do not arise in the course of employment and hence are not compensable. We reject the Board's position, expressed for the first time on this appeal, that because the lecture claimant intended to prepare for en route home was an extra assignment beyond his regular duties, the instant claim falls within the "special errand" exception to the general "going and coming" rule. The special errand exception requires some nexus, express or implied, between the journey or the destination *itself* and the work to be accomplished or some other benefit to the employer *(cf. Matter of Teles v Westbury S & S Concrete,* 50 AD2d 954, *affd* 40 NY2d 902; *Matter of Munro v County of Suffolk,* 49 AD2d 994; *Matter of Bump v Central School Dist. No. 3,* 40 AD2d 243, *affd* 34 NY2d 577). There is absolutely nothing in the record to support any inference that claimant took the lecture preparation materials with him for the commute home at the behest of the chairman of his department or that working on them away from his place of employment was anything but a matter of his own personal choice. Nor did the Board make any findings to such an effect. To sustain the Board's award on the ground that claimant was engaged in a special errand would be an unwarranted extension of that exception, much like that rejected by this court on similar facts in *Matter of Trent v Tuttle & Co.* (20 AD2d 948), where it was stated: "If this argument were accepted, any time an employee performed even an occasional piece of work at home at his employer's direction or even with his employer's permission or knowledge express or implied the risks of travel to and from employment on such an occasion would be incidents

of employment. Such a position is untenable." *(See also, Matter of Freebern v North Rockland CDA.,* 64 AD2d 300, 304.)

The only exception to the "going and coming" rule of pertinence to the facts in the instant case is the dual purpose doctrine, which is that it was not only claimant's objective to commute home, but also to engage in work during the journey beneficial to his employer. New York, however, only applies the dual purpose exception if the trip was occasioned by the employer's work and was necessary even in the absence of the concurrent private purpose. "If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk" *(Matter of Marks v Gray,* 251 NY 90, 94). The only enlargement of the strictures of the foregoing requirements is when the home has become a regular situs of employment *(Matter of Hille v Gerald Records,* 23 NY2d 135, 138), and even then, a caveat has been placed on finding the home as a second workplace for professionals who commonly carry evening work home *(supra, at p 139).* In any event, the Board made no such finding and has conceded on this appeal the irrelevancy of the status of claimant's home as a workplace. Since claimant brought the lecture preparation materials with him on his journey home purely as a matter of his own personal convenience, and would have made the journey irrespective of his need to prepare for the lecture, his unfortunate injury did not arise in the course of his employment and his claim should have been dismissed.

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.