In the Matter of the Claim of EDNA MAISEL, Appellant, v PEPSI-COLA BOTTLING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J.

Claimant's decedent suffered a fatal heart attack at approximately 7:00 on a cold winter morning subsequent to shoveling his driveway and prior to entering his car to go to work. Claimant applied for workers' compensation benefits contending that decedent had been en route to a breakfast meeting with a client when he suffered the attack and therefore sustained a compensable accidental injury which arose out of and in the course of his employment. The Hearing Officer awarded benefits but the Workers' Compensation Board reversed on the ground that claimant had not yet begun his journey to work when the heart attack occurred.

On appeal claimant contends that the Board's decision was arbitrary and capricious since it previously had awarded benefits to a claimant who suffered a heart attack prior to commencing his journey to work (citing *Matter of Junium v Bazzini Co.,* 86 AD2d 690), and it failed to explain the different result here (citing *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516). We disagree.

It is well established that the risks of travel to and from

work are not incidents of employment *(Matter of Junium v Bazzini Co., supra; Matter of Neff v Tek Bearing Co.,* 64 AD2d 740, 741; *Matter of Love v N. Y. S. Craig School,* 42 AD2d 796, 797, *affd* 34 NY2d 680). An exception to this general rule exists when an employee is directed to perform a special errand or service for an employer *(supra).* Although claimant here testified that decedent was preparing to leave for an outside breakfast meeting with a client when his fatal heart attack occurred, decedent's supervisor and another employee testified that decedent never met clients for breakfast but, rather, held a mandatory meeting with his subordinates every morning at 8:00, the normal start of the business day, and that on the morning of the attack, the subordinates were in fact waiting for decedent to commence the meeting. The supervisor further testified that decedent was given a car allowance for the business use of his car for various meetings with clients after the start of the business day, and stated that he had visited decedent's residence within an hour of his heart attack and observed that decedent had prepared his breakfast at home that morning. The foregoing was sufficient for the Board to determine that decedent was not en route to a meeting with a client but rather suffered his heart attack prior to leaving directly for his office. Accordingly, since the risks of travel to and from work are not the incidents of employment, the Board could properly rule that decedent did not sustain an accidental injury which arose out of and in the course of his employment.

Claimant's reliance upon *Matter of Junium v Bazzini Co.* (86 AD2d 690, *supra)* is not availing. The decedent in that case, as here, suffered a fatal heart attack after shoveling his driveway prior to commencing the journey to work. However, the decedent in *Junium* was, as found by the Board, attempting to get through a severe storm to a crucial audit appointment his employer had directed him to attend, but otherwise would have remained at home due to the hazardous weather conditions *(supra).* Accordingly, he was on a special errand for his employer and the risks of his travel were incidents of his employment. Since decedent here was not on a special errand, the facts in the instant case are not substantially similar to those in *Junium* and the Board was not required to explain the different result reached on substantially identical facts *(cf. Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, *supra).*

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.