■ In the Matter of the Claim of EMILY FINE, Respondent, v S.M.C. MICROSYSTEMS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed July 16, 1987.

Seymour Fine was employed as an engineer lab technician by S.M.C. Microsystems Corporation. Fine's duties consisted of assisting engineers by drawing up schematics, operating a tester to debug designs and ordering needed parts and components. Although his basic hours were from 8:30 A.M. to 5:00 P.M. Fine was given the discretion to put in whatever overtime was necessary to complete his work, including working on weekends. Although the great majority of Fine's duties required the use of specialized equipment located at the site of his employment, weekend work was sometimes performed at home, where he had set up a work area in a spare bedroom, keeping work papers and materials in a desk. On Saturday, March 8, 1980, Fine was working at the office and called his wife, claimant herein, at approximately 11:30 A.M., telling her that he was tired and that he was going to bring the rest of his work home and finish it after lunch. Tragically, he was involved in a serious automobile accident on his way home, receiving injuries from which he died two days later. The claim for death benefits was contested by the employer's workers' compensation carrier on the grounds that, *inter alia,* death did not arise out of and in the course of employment. The Workers' Compensation Board ultimately concluded, reversing the Workers' Compensation Law Judge, that Fine's home had become a second place of employment and that the

accident arose out of and in the course of employment. This appeal ensued.

The general rule in this State is that risks of travel to and from work are not risks of employment and injuries sustained in an accident occurring during such travel are not compensable *(Matter of Weimer v Wei-Munch Ltd.,* 117 AD2d 846, 847; *see, Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of De Voe v New York State Rys.,* 218 NY 318).* Exceptions to this rule have evolved, including where work is performed by the employee both in the office and at home. To come within this exception, however, there must be either a special assignment for the employer's benefit at the end of the particular homebound trip or a regular pattern of work at home, with the employer's knowledge *(Matter of Hille v Gerald Records,* 23 NY2d 135, 138; *Matter of Borders v Scull Co.,* 33 AD2d 870, 871; *Matter of Tiernan v Potter,* 281 App Div 787).* Clearly, an occasional piece of work performed at home is insufficient to transform travel to and from employment into an incident of employment *(Matter of Broich v New York State Union Coll. of Optometry,* 117 AD2d 868, 869-870; *Matter of Trent v Tuttle & Co.,* 20 AD2d 948).*

The Board contends that the record contains substantial evidence to support its determination that Fine's home genuinely became part of the employment premises. We disagree. Here, the only pertinent exception to the "going and coming" rule is "so regular a pattern of work at home that the home achieves the status of a place of employment" *(Matter of Hille v Gerald Records, supra,* at 138) and the work is performed with the knowledge of the employer *(Matter of Borders v Scull Co., supra).* We note in this regard that claimant and her sons testified that Fine often performed work at home and that he had special areas set aside for this purpose, and that the testimony disclosed that work materials, including a box of documents and rolls of schematics, were removed from Fine's car after the accident. However, there is no proof in the record that Fine performed this work with the employer's knowledge or permission or that the work inured to the employer's benefit. In fact, Fine's immediate supervisor indicated that, with the exception of four occasions several months prior to the accident, he had no knowledge of any work performed by Fine at home and that 100% of Fine's work was performed on the work premises. Moreover, Fine was required to punch a time clock, and there is no proof in the record that he was paid for any work at home, except for the four occasions referred to by his supervisor.

Viewing the record in its entirety, we are constrained to conclude that there is no evidence to support the claim that Fine regularly performed work at home with the employer's permission and to its benefit. Accordingly, any work performed by Fine at home was for his personal convenience *(see, Matter of Hille v Gerald Records, supra)*, and his injury did not arise out of and in the course of his employment *(see, Matter of Broich v New York State Union Coll. of Optometry, supra)*.

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed. Kane, J. P., Levine and Mercure, JJ., concur.

Yesawich, Jr., and Harvey, JJ., dissent and vote to affirm in a memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent and would affirm the decision of the Workers' Compensation Board.

It is elementary that a liberal approach should be taken in dealing with this branch of the law *(see, Matter of Hille v Gerald Records*, 23 NY2d 135, 137). In keeping with this approach, in *Matter of Stark v Hoff Lithograph Co.* (79 AD2d 780) this court affirmed an award to a claimant who took payroll records to her home about three times a month. "The position of responsibility and authority occupied by [the] claimant was such that her unilateral decision to work at home to fulfill her obligation as a quasi-executive brought her efforts within the contemplation of the 'special assignment' rule" *(supra)*. In *Matter of Watson v Graphic Mgt. Sys.* (96 AD2d 619), the Board determined that a decedent was in the course of her employment when she was in her home keeping books and writing checks in a room set aside for that purpose. In *Matter of Gennarelli v Spruce-Up Cleaners* (34 AD2d 1075), a decedent whose regular duties for a dry cleaner were to clean and spot clothes, but performed tailoring for his employer at home after regular hours, was found to be within the scope of his employment when he was involved in an automobile accident on his way home after leaving his regular place of employment.

Here, in its decision, the Board distinguished the instant case from our decision in *Matter of Broich v New York State Union Coll. of Optometry* (117 AD2d 868). In that case, this court appropriately reversed a Board decision in favor of claimant who had sustained injuries in a train station on his way home. At the time of his injury, the claimant was carrying published materials which he had intended to use

during the train ride in preparation for giving lectures at a later date. A contrary decision by this court would have opened up the floodgates for the claims of thousands who occupy their time during their commutes by reading employment-related materials. Instead, the work duties connected with the employee's home must meet the "mixed purpose" test, meaning that "there must be either a specific work assignment for the employer's benefit at the end of the particular homeward trip or so regular a pattern of work at home that the home achieves the status of a place of employment" *(Matter of Hille v Gerald Records, supra,* at 138).

We find this standard has been met here and substantial evidence supports the Board's decision. Seymour Fine had a regular pattern of performing work at home. The record shows that his supervisor agreed that any services performed by Fine at his home were beneficial to his employer. Fine had set up a spare bedroom where he kept work-related materials in a desk. He worked on these papers at his desk therein and on schematics on his dining room table. He was carrying work-related materials when the accident occurred. It is significant that the day of the accident was not a regular workday and that Fine had gone to his office in his employer's building. It is a fair assumption that he was working against some deadline of sufficient importance as to require Saturday work. That work was to be continued at his home.

The majority attach importance to the fact that Fine did not demand extra pay for the work performed at home. It was established before the Board, however, that Fine had a physical disability and that he worked slowly. From those facts, it can be fairly inferred that working at home made up for his slow pace in the office during regular hours. This inference is supported by the Board's finding that Fine's supervisor had permitted work at home and that permission had never been denied *(see, Matter of Levi v Interstate Photo Supply Corp.,* 46 AD2d 951).