■ In the Matter of the Claim of JOANNE M. McRAE, Respondent, v EAGAN REAL ESTATE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed June 27, 1989, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant was employed as a real estate salesperson. She and other members of the employer's sales force operated under a procedure whereby, although they attend a meeting one day a week on Monday morning and have open access to the office facilities, they primarily operate out of their own homes and cars. There was no requirement that employees report to the office before starting work and the salespersons were for the most part on call 24 hours a day.

On August 1, 1987, claimant had plans to leave her house in order to remove a "lockbox" from a piece of property that had been sold. Prior to the time she left, however, Henry Rejebian, a carpet installer who performed assignments for the employer, arrived at claimant's house for a meeting with claimant to discuss certain work he had undertaken for the employer. Claimant and Rejebian met for approximately 30 minutes, after which they both began descending the stairs to leave claimant's house. Claimant fell on the second level of stairs leading to the outside door and injured her back. A Workers' Compensation Law Judge found accident, notice and causal relationship for a low back injury, established a weekly wage and found that claimant was in the course of her employment at the time of her injury. The Workers' Compensation Board affirmed upon review, finding that claimant was

in the course of her employment from the time her meeting began with Rejebian through the time she fell while in the process of leaving her house to remove the lockbox. This appeal followed.

We affirm. The Board's conclusion that claimant's injuries arose out of and in the course of her employment is supported by substantial evidence in the record. Viewed in its entirety, the record supports the factual finding that claimant's home had become a place of employment and she was injured while actually performing her employment duties *(see, Matter of Hille v Gerald Records,* 23 NY2d 135; *Matter of Watson v Graphic Mgt. Sys.,* 96 AD2d 619; *Matter of Levi v Interstate Photo Supply Corp.,* 46 AD2d 951). While, generally speaking, "outside employees" are usually covered from the time they leave their home until the time they return *(Matter of Charak v Leddy,* 23 AD2d 437, 438), this rule should not be followed where the claimant's home has become a place where business dealings are conducted and performance of duties on behalf of the employer had commenced.

Decision affirmed, with costs to the Workers' Compensation Board. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.