■ In the Matter of the Claim of MICHAEL J. STAGLIANO, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from two decisions of the Workers' Compensation Board, filed August 30, 1988 and January 17, 1989, which ruled that claimant did not sustain an accident during the course of his employment and denied his claim for workers' compensation benefits.

The evidence before the Workers' Compensation Board supports its conclusion that claimant's injury was not work

related. The record shows that on the Friday before his accident, claimant was told by his employer that he would not be permitted to work if he wore the shirt with the offending language on it. Although he was given the options of turning the shirt inside out, covering it, purchasing another shirt or going home to change the shirt, he chose to be suspended. On the following Monday, he again wore the shirt. On this day, he chose to go home to change the shirt and the injury occurred while en route back to work. The fact that claimant chose to go home does not qualify as an exception to the general rule that travel to and from work is not an incident of employment; claimant was not performing a special errand or a service for the employer at the time of the injury (see, Matter of Bennett v G. O. Dairies, 114 AD2d 574). There was no nexus between the journey home to change his shirt and any work to be accomplished, nor was there some other benefit to the employer (see, Matter of Broich v New York State Coll. of Optometry, 117 AD2d 868). Any conflicting inferences presented by the evidence were for the Board to resolve (see, Matter of Boscaino v Montefiore Med. Center, 90 AD2d 611). The Board's decision is supported by substantial evidence and should be affirmed.

Decisions affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.