■ In the Matter of the Claim of MINNIE GOLDBERG, Respondent, v. GOLD MEDAL FARMS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant, an office worker, was injured when she fell upon the street while returning to the employer's premises from lunch at a restaurant. The lunches of all employees eating at this particular restaurant or sent by the restaurant to the employer's office were charged to the employer and paid for upon monthly billing. The restaurant was two blocks away and only one other was nearer, and that by only half a block. Claimant's lunch period was of one-half hour. The employees were not required to eat at any particular place, but this was the only restaurant at which their lunches would be paid for, and they were not, before being hired, informed of the employer's practice of paying for lunches taken at, or sent from the restaurant; but, during claimant's two years' employment, her lunch was always eaten at this restaurant or sent from it to her office, and she testified that she considered the lunch an addition to her seemingly modest cash salary of $63 per 40-hour week for work as a payroll clerk in New York City. Upon cross-examination, the employer's vice-president agreed that the practice of furnishing lunches benefited "employee morale" and created "a better atmosphere between employer and employee". Additionally, the fact that the office supervisor customarily ate at the restaurant with the office employees suggests continued control in some degree, as do such factors as the short lunch break and the proximity of the restaurant which the employer rather effectively designated; all these supporting a possible inference that there occurred no significant interruption of the employment. (See Matter of Caporale v. State Dept. of Taxation & Finance, 2 A D 2d 91, 92, affd. 2 N Y 2d 946.) The situation is, also, not substantially different from that of an employment in which a lunchroom is furnished upon the premises or provided for nearby; and it has long been the law " that where an employer requests or customarily permits his employees to eat their meals upon his premises or in some place provided for them, the temporary interruption to their work thus caused will not be regarded as terminating their character as employees or as excluding them from the protection of such a law as our Compensation Act." (Matter of McInerney v. Buffalo & Susquehanna R. R. Corp., 225 N. Y. 130, 133.) Further, the employer's practice of paying for lunches renders the case analogous to those involving off-premises injuries sustained on the way to or from work by inside employees receiving a cash allowance for such travel. (See, e.g., Matter of Maculuso v. Alexander, Shumway & Utz Co., 11 A D 2d 838, motion for leave to appeal denied 8 N Y 2d 708; cf. 1 Larson, Workmen's Compensation Law, §§ 15.51, 16.20, 16.30.) Upon the entire record, the board was warranted in finding that the arrangement "may be inferred as an inducement to continued employment and also as a continuation of the employment." Appellants rely largely on Matter of Guido v. Terra-Rube Constr. Corp. (7 A D 2d 554, affd. 10 N Y 2d 858) but in that case there was no evidence that there was even remote advantage to the employer in the employee's taking lunch at the restaurant of the employee's selection, not quite two miles from the job, or in the employee's use of the employer's jeep to take him there, the court noting (p. 555) that,

"With this arrangement the employer had nothing to do, in fact there is no proof in the record that anyone representing the employer knew that decedent and others were eating at any particular restaurant." Further, the employee's casual or occasional use of the jeep was found to be in the nature of a "gratuity", but we could scarcely characterize as such this employer's practice, over a period in excess of five years, of paying for the lunches of all its office employees. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.