■ In the Matter of LOIS AVERICK, Respondent, v. STANDARD INDUSTRIES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals

by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed June 14, 1973, as amended by supplemental decision filed October 4, 1973, which awarded death benefits to the claimant. In its decision as amended, the board found that the claimant's "decedent was an outside worker; that he was enroute to pick up papers for a business meeting, in a rental car used in the employer's interest, when the accident occurred; that there was no deviation from employment; and that the accidental injury and death arose out of and in the course of employment." The record establishes that the decedent was a vice-president of the employer corporation, and that he died following an automobile accident on May 14, 1970 while operating a rental automobile furnished by his employer and on his way from his office to his home. A coemployee testified that he had last seen the decedent at about 5:45 P.M. on the day of the accident and that the decedent was then "going home to change and pick up some papers and he had an eight o'clock meeting." The same witness testified that the meeting was related to the employer's business. The issue upon the present record was whether or not the claimant was in the course of his employment at the time of the automobile accident. While the record does not seem to establish that the decedent was an outside worker, nevertheless, there is substantial evidence that, at the time of the accident, he was proceeding to transact business on behalf of the employer and that the expected stop at his household premises was merely incidental to the business trip. Upon the factual issues, this appeal has no substantial merit. The recent case of Matter of O'Rourke v. Manuet Rest. (43 A D 2d 659) is inapposite since in that case the employee, at the time of the accident, was not engaged in any errand on behalf of his employer. Decision affirmed. with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.