■ In the Matter of the Claim of MANUEL TELES, Respondent, v WESTBURY S & S CONCRETE INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 10, 1974. Claimant and one Lopes resided at the same address and worked as carpenters for a common employer. They alternated the use of their respective automobiles each week as a means of transportation to and from the job site. When another coworker was injured on the job, claimant's foreman directed him to follow the ambulance to the hospital and return this injured worker when his medical treatment was completed. Using Lopes' vehicle, claimant followed these instructions, returning about five minutes after termination of his normal shift, and discovered that everyone had left the site for the day. Lopes had received a ride home from another employee and the injured worker departed in his own vehicle. Claimant was thereafter injured as the result of an automobile collision on his regular route home driving the Lopes vehicle. The employer and its insurance carrier appeal from the decision awarding him compensation benefits contending that the accident did not arise out of and in the course of claimant's employment. The appellants conceded in their application for review from the referee's decision that the employer had requested the claimant to use Lopes' vehicle for the purpose of returning an injured coemployee to the work site. Also, the appellants stated orally at the hearing before the board panel that the employer had directed the claimant to use the Lopes vehicle. The record contains substantial evidence to support the board's finding that the claimant had been instructed to use the Lopes vehicle. It is well established that when an employee is directed to perform a specific errand for the employer, he is in the course of his employment

until the errand is completed unless there is a substantial deviation from the errand. *(Matter of Averick v Standard Ind.,* 46 AD2d 715; *Matter of O'Rourke v Manuet Rest.,* 43 AD2d 659, 660.) The errand implicitly required the claimant to return the vehicle that he was using to its owner and the fact that the errand would be completed at the same time that the claimant reached his home is fortuitous. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney and Main, JJ., concur; Kane and Larkin, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Claimant's errand was fulfilled and came to an end when he returned the injured worker to the job site. That is all he was ever asked to do and, having completed that task, his subsequent homeward journey was a purely personal activity. The majority opinion unrealistically expands the scope of that errand when it says that he was "implicitly required" to return the Lopes vehicle to its owner. Claimant never maintained that he had received any such instruction and his foreman did not testify. The decisive feature of this case has nothing to do with where claimant resided or which vehicle he employed in his assignment; it has everything to do with the happenstance that he arrived back at the job site shortly after work was completed that day. It can scarcely be doubted that had he returned but 10 minutes earlier while work was still in progress, the injury he thereafter received on his homeward trip would then be regarded as noncompensable for it would not have been sustained in the course of his employment. The truly fortuitous circumstance of this case is that claimant's departure for home was delayed somewhat because his errand took longer than anticipated or that his journey occurred at a slightly different time because the usual work day was unexpectedly shortened. In either event, since it was not alleged that claimant encountered any special inconvenience, hazard or trouble as a result thereof, there is simply no basis or warrant in this record to view that journey as an integral portion of his initial employment related errand and his claim should be dismissed (cf. *Matter of Trent v Collins Tuttle & Co.,* 20 AD2d 948).