■ In the Matter of the Claim of PAUL M. GRAY, Respondent, v LYONS TRANSPORTATION et al., Appellants. WORKERS'

---

Claimant, a truck driver for the employer, had been laid off since 1982 and was thereafter called in to work on an as-needed basis. Pursuant to an employment contract, claimant was allowed to refuse a call to work; if he accepted, however, he had to report to the employer's terminal facility within two hours. On November 12, 1986, at 3:55 A.M., the employer's dock supervisor called claimant in to work, asking him to come as soon as possible because of the volume of work and the employer's shorthandedness. Claimant dressed and left his home immediately, suffering injuries as a result of a motor vehicle accident en route.

Claimant subsequently filed a workers' compensation claim and the employer filed a notice of controversy claiming that claimant's accident did not occur during the course of his employment. The Workers' Compensation Board eventually held that claimant had sustained an accident arising out of and in the course of employment and this appeal followed.

We affirm. While generally accidents during travel to employment are not considered incidents of employment, a special errand or service undertaken for an employer while on the way to work may be so considered (see, Matter of Oehley v Syracuse Boys Club, 151 AD2d 825, 827; Matter of Bennett v G. O. Dairies, 114 AD2d 574, 575). "Coverage for employees on special errands is 'portal-to-portal' " (Matter of Oehley v Syracuse Boys Club, supra, at 827, quoting Matter of Charak v Leddy, 23 AD2d 437, 438) and hinges on whether the special service is suitable and "sufficiently work related under the circumstances" (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249). Here, even though claimant was not required pursuant to usual employment practice (the union contract) to report to work until two hours after being called in, the employer requested that claimant report earlier and claimant complied. We find nothing erroneous in the Board's determination that reporting early in this instance constituted a special service involving the undertaking of travel not associated with claimant's normal work hours (see, Matter of Oehley v Syracuse Boys Club, supra; Matter of Junium v Bazzini Co., 86 AD2d 690). Accordingly, and because substantial evidence exists in the record to support the Board's determination (see,

*Matter of Harford v Widensky's Inc.,* 154 AD2d 821, 822), it should be affirmed.

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, with costs to the Workers' Compensation Board.