■ In the Matter of the Claim of MICHAEL NEACOSIA, Respondent, v NEW YORK POWER AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [613 NYS2d 952] — Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 12, 1993, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment and awarded workers' compensation benefits.

On May 17, 1991, claimant sustained serious injuries as the result of a motor vehicle accident occurring in the Town of Hannibal, Oswego County. The record indicates that claimant was employed by the New York Power Authority as a nuclear security guard and was required to wear a uniform provided by the employer.[1] On the day of the accident, claimant finished work at approximately 1:00 P.M. and thereafter proceeded to drop off his uniforms at a drycleaning establishment where the employer maintained an account.[2] A receipt issued

---

1. As claimant's injuries prevented him from testifying regarding the events surrounding the accident, the parties stipulated to the essential facts.

2. The record indicates that the employer paid for the cost of cleaning the uniforms either by maintaining accounts at selected cleaning establishments or reimbursing those employees who opted to have their uniforms cleaned elsewhere. The record also indicates, however, that claimant's uniform was machine washable, and there does not appear to have been any requirement that claimant have his uniform drycleaned.

by the cleaning establishment shows that claimant dropped off his uniforms at 1:28 P.M. The accident occurred at approximately 2:22 P.M. on State Route 104, which was the direct route from claimant's place of employment to his residence. The record indicates that the distance between the cleaning establishment and the accident site could have been traveled in approximately 15 minutes and, hence, there was an unexplained period of time of approximately 40 minutes between the time claimant apparently left the cleaning establishment and the time the accident occurred. Based upon these facts, the Workers' Compensation Board ultimately concluded that claimant's accident arose out of and in the course of his employment and awarded benefits. This appeal by the employer followed.

"While the general rule is that risks of travel to and from work are not incidents of employment * * * an exception exists for employees directed to perform a 'special errand' or service for their employer" (Matter of Junium v Bazzini Co., 86 AD2d 690; see generally, Matter of Gray v Lyons Transp., 179 AD2d 985, 986; Matter of Bennett v G. O. Dairies, 114 AD2d 574, 575). "Coverage for employees on special errands is 'portal-to-portal' " (Matter of Oehley v Syracuse Boys Club, 151 AD2d 825, 827, quoting Matter of Charak v Leddy, 23 AD2d 437, 438), i.e., the employee is deemed to be in the course of his or her employment until the errand is completed unless there is a substantial deviation from it (see, supra; see also, Matter of Teles v Westbury S & S Concrete, 50 AD2d 954, 954-955, affd 40 NY2d 902). Application of the special errand exception hinges upon "whether the special service is suitable and 'sufficiently work related under the circumstances' " (Matter of Gray v Lyons Transp., supra, at 986, quoting Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249; see, Matter of Oehley v Syracuse Boys Club, supra, at 827).

Here, the Board essentially found that claimant was on a special errand at the time the accident occurred and awarded claimant benefits on that basis. In our view, however, the record before us simply does not contain substantial evidence to support the Board's finding in this regard. Even assuming, as the Board contends, that it may be inferred from the stipulated facts that the employer "derived significant benefit from the polished appearance of its guards", there is no indication in the record that claimant was required to have his uniforms drycleaned (compare, Matter of Gray v Lyons Transp., 179 AD2d 985, supra [claimant injured following employer's request that claimant report to work early]; Matter

of *Pearson v New York City Tr. Auth.,* 146 AD2d 849 [claimant directed by employer to report to medical clinic and injured en route]; *Matter of Junium v Bazzini Co.,* 86 AD2d 690, *supra* [claimant's decedent directed by superior to attend meeting and suffered heart attack]; *Matter of Augustine v New York State Elmira Correctional Facility,* 64 AD2d 340 [claimant injured while returning from medical examination required by retirement system]) or, having elected to do so, was compelled to use a particular cleaning establishment for that purpose. As noted previously, although claimant apparently was required to properly maintain his uniforms, the uniforms provided by the employer were machine washable and, hence, drycleaning was but one of the options available to claimant *(compare, Matter of Watson v American Can Co.,* 23 AD2d 423, *affd* 18 NY2d 758; *Matter of Goldberg v Gold Medal Farms,* 18 AD2d 951). In short, although it may be inferred from the record that claimant was *encouraged* to avail himself of the drycleaning option, there is nothing in the record to suggest that he was *required* to do so *(cf., Matter of Costa v New York State Workmen's Compensation Bd.,* 34 AD2d 585). Accordingly, the Board's decision must be reversed.

White and Yesawich Jr., JJ. concur.

Mikoll, J. P. (dissenting). We respectfully dissent. We would affirm the finding of the Workers' Compensation Board based on the stipulated facts on which the issue was presented for resolution.

The relevant stipulated facts are as follows. Claimant is a nuclear security guard employed by the New York Power Authority. As a nuclear security guard, claimant was required by his employer to work in a uniform which his employer provided. He was required to maintain the uniform and to arrange for it to be cleaned. He was subject to disciplinary action for improper appearance. The employer paid the costs connected with cleaning and maintenance of uniforms. It maintained accounts at cleaning establishments for this purpose. Alternatively, the employer would reimburse guards who had uniforms cleaned at other establishments for the costs of doing so. Karpinski's in the City of Oswego, Oswego County, was one of the cleaning establishments at which the employer maintained an account for use by nuclear security guards. On May 17, 1991, claimant delivered nine uniform shirts and one pair of uniform trousers to be cleaned at the cost of the employer. The uniforms were clocked in at 1:28 P.M. Claimant had worked that day at the employer's facility until approximately 1:00 P.M. His stop at Karpinski's occurred during his

trip home. The accident in question here occurred on State Route 104 in the Town of Hannibal, Oswego County, at a point some 10 miles distant from where Karpinski's is located. Route 104 represents a direct route from Oswego to claimant's home. The police accident report places the time of the accident at 2:22 P.M.

The Board found on these stipulated facts that the employer's policy of making the drycleaning of uniforms available to employees at particular stores, at the employer's expense, is the nexus between claimant's work and his travel after work on May 17, 1991. The Board found that claimant's exercise of the option to have his uniform drycleaned at the employer's expense served to extend the scope for carrying out that purpose. It also concluded that claimant was on a direct route to his home at the time of the accident and there was no deviation from his employment during the pendency of this extension of the scope of his employment and, in the absence of substantial evidence to the contrary, the accident arose out of and in the course of his employment.

There is substantial evidence to support the Board's conclusion that claimant's injuries occurred in the course of his employment. Claimant was performing a service for his employer when he took his uniforms to the cleaners accomplishing the employer's goal—presentably uniformed guards. The nexus between employment and claimant's trip has been established (see, Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 327; see generally, Matter of Deland v Hutchings Psychiatric Ctr., 203 AD2d 776). The majority's musings on other options available to claimant to maintain his uniform are irrelevant in view of claimant's availing himself of free cleaning offered him by the employer.

The decision should be affirmed.

Peters, J., concurs. Ordered that the decision is reversed, without costs, and claim dismissed.