■ In the Matter of the Claim of MATILDA GREEN, Respondent, v. STANLEY FERGUSON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board, filed November 9, 1971, reversing a decision of the referee which had disallowed the claim of the decedent's widow for death benefits. The first issue raised on this appeal is whether the bar of section 28 of the Workmen's Compensation Law to a claim filed more than two years after decedent's death was waived by an advance payment of compensation. We concur in the board's affirmative finding on this question. The board found, on ample evidence, that a few days after decedent's death, the employer had given decedent's son $200 over and above decedent's back pay to help the widow meet expenses which would come due as a result of the death. It is not disputed that the employer had knowledge of the injury, and the record supports the conclusion that there was a recognition of liability (Matter of Brill v. Jacobson, 41 A D 2d 792). The only " proof " to the contrary is the denial that decedent was an employee, but since this contention was rejected, the employer cannot fairly rely upon it to defeat the claim on other grounds. The appellants' contention that, since the widow's remedy had not yet been determined at the time of payment, there could not have been a recognition of liability, is completely devoid of merit, for it, in effect, requires a determination of the validity of the claim before a payment can be regarded as advance compensation. The employer contends that the decedent was not an employee, but rather an independent contractor. The record shows that the decedent had conducted a business as an auto mechanic until 1963. In 1964 and until his death in October, 1965, he worked on appellant's farm repairing his machinery. He was paid at an hourly rate of $2, and did not work regular hours. Nor was Social Security or withholding tax deducted from his pay. It is significant that no withholding was deducted from the pay of appellant's other employees. On the other hand, there was evidence

that the decedent did report to appellant's farm each day to see what work was needed, that he worked in a building provided by appellant, and that while the decedent supplied small tools, the heavy equipment that was used was provided by appellant. Although decedent had submitted statements of hours worked in 1964, on his own billheads, no such statements for 1965 were put in evidence and appellant's other employees were paid on the basis of submitted statements in a similar fashion. On this state of the record, the board could properly find that decedent had discontinued self-employment as an auto mechanic, and that at the time of his death was an employee of appellant (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.