■ In the Matter of the Claim of CECIL M. CARR, Respondent, v ANN M. WOODS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workers' Compensation Board, filed May 26, 1978, which found an employer-employee relationship between claimant and the employer. On September 19, 1976, claimant, Cecil M. Carr, while engaged in painting a two-family home owned by appellant, Ann M. Woods, fell from a ladder and sustained injury to his back. An employer's report of injury (Form C-2) was filed by Miss Woods in which she characterized the claimant's status as "Independent Laborer, Carpentry, Painting, Etc". Thereafter, Cecil Carr filed a claim for compensation, and the carrier filed a notice of controversy, raising the issue that claimant was not an employee, but rather was an independent contractor. The record indicates that Miss Woods, for a period of about 20 years, had engaged claimant as a handyman to maintain and repair three parcels of real property owned by her, consisting of a two-family house, a four-family apartment building and a farm, and that the services he performed consisted primarily of painting and general repairs. Claimant generally furnished his own tools and equipment and purchased materials necessary for the work to be performed for which he was reimbursed. Claimant was paid by check and, at the time of his injury, was paid at the rate of $5.50 per hour. Claimant never charged a lump sum for any services that he performed. Miss Woods occasionally provided him with equipment and, when necessary, provided him with a helper. Claimant also performed work for others on an hourly rate basis, but gave preference to Miss Woods. He did not advertise his services to the public. Claimant had keys to the properties owned by Miss Woods, and her tenants would call him for repairs. No deductions were made for Social Security or withholding taxes. Miss Woods testified that she had the right to assign the work and the order of completion, and that she furnished him with written lists or oral directions as to different work. She further testified that she had the power to fire him at any time. In August, 1976, Miss Woods obtained a workers' compensation and employer's liability policy. The referee found that an employer-employee relationship existed, and he made an award to claimant for his disability. The board affirmed the referee's decision stating that a majority of the board panel "finds based on the evidence in the record that there was sufficient control and direction on claimant by Mrs. Woods to constitute employer-employee relationship." The fact that no Social Security or withholding tax was deducted from claimant's pay, and that he reported his income for income tax purposes as though he was an independent contractor is significant, but not controlling (Matter of Green v Ferguson, 43 AD2d 1006). The board's determination that claimant was an employee and not an independent contractor is supported by substantial evidence. Where "conflicting inferences may be drawn from the evidence, the determination of the board is conclusive" (Matter of Klein v Sunrise Bldg. Co., 7 AD2d 805, 806). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.